DECISION
This case comes before the Ho-Chunk Nation Supreme Court on appeal of the Trial Court’s Order, (Determination upon Remand in CV 04-27, dated August 25, 2005) granting Appellee’s Motion for Summary Judgment. Oral Argument before Chief Justice Mary Jo B. Hunter, Associate Justice Mark Butterfield and Associate Justice Pro Tempore Jo Deen B. Lowe on March 25, 2006 at the HoCak Wa’ehi Hoci-ca, Black River Falls, Wisconsin. The Decision of the Trial Court is vacated and the *175 matter is remanded tor further proceedings consistent with this opinion.
STATEMENT OF FACTS
Appellant, Kenneth Twin, by his attorney Mark Goodman brings this action concerning the applicability of the HCN Personnel Policies and Procedures Manual to Plaintiffs Family Medical Learn (hereinafter FML).[1] The HCN Department of Personnel determined that Twin had voluntarily resigned from his position of employment after he did not return to work after the expiration of the twelve weeks of FML afforded by the Nation’s PPM had passed.
Attorney Goodman and Counsel for Ap-pellee’s, Michael Murphy of the Nation’s Department of Justice agreed and the Trial Court found that there was no genuine issue as to material fact, and proceeded to Summary Judgment in CV-04-27.
This case bears the same factual basis as Case SU04-10, Kenneth Lee Twin vs. Toni McDonald, Ho-Chunk Nation, and Ho-Chunk Nation Department of Personnel which was remanded to the Trial Court through the Order of this Court dated March 21, 2005. The following has been gleaned from the record in this matter:
Kenneth Lee Twin was employed by the Ho-Chunk Nation as the Director of the MIS Division of the Department of Administration in the Executive Branch. Department OF ADMINISTRATION ESTABLISHMENT Act of 2001, 1 HGC § 2. On December 10, 2003, Appellant Twin filed an application for FML. On December 16, 2003, the application was approved by the Department of Personnel, effective December 10, 2003. A letter from the Department of Personnel, signed by Ms. Littlegeorge noted an expected return on or before December 29, 2003, and was sent to Twin at 108 Maple-wood Court # 21, Black River Falls, WI. (CV-04-27 Trial Court, Exhibit B to Complaint )
At some point prior to February 27, 2004, Appellant Twin’s residential address was changed to N 7015 Iron Road, Black River Falls, WI.
On February 27, 2004, the Appellant applied for a short-term disability benefits leave through the Four Winds Insurance Agency.[2] There is no fact finding from the Trial Court as to whether the Tribe was independently notified of this request for leave or whether Mr. Twin had an obligation to so notify the Tribe, nor is there any determination as to how such notice was to be effected. Appellant Twin received a check from the Ho-Chunk Nation dated March 2, 2004. That check was addressed to Kenneth Twin at Iron Road.[3]
The Ho-Chunk Nation Department of Personnel mailed a letter addressed to Appellant Twin at 108 Maplewood Ct. # 21, Black River Falls, WI dated March 1, 2004 as evidenced by an envelope bearing two *176 post-marks, the legible one being March 2, 2004. The letter, dated March 1, 2004 advised him that if he did not return to work on March 4, 2004 the Ho-Chunk Nation would consider the failure to report to work as a voluntary resignation. Appellant states that he did not receive this letter until March 6, 2004. See Kenneth Twin v. Toni McDonald, et al., CV 04-27 Complaint. This was not disputed by the Nation.
On March 8, 2004 the Executive Director of Personnel, then Toni McDonald, sent another letter to Kenneth Twin at the Maplewood Court address. In that correspondence Mr. Twin was advised that the Ho-Chunk Nation had determined that he had voluntarily resigned from his position based on his failure to return to work, citing the Ho Chunk Nation’s PPM Chapter 8, FML, “... An employee who fails to report promptly for work at the expiration of the requested FML, will be considered to have voluntarily resigned.”
Kenneth Twin sought approval of short-term disability from the Executive Director of Administration on March 8, 2004. The record is silent as to the importance or lack of importance of this fact.
Kenneth Twin brought suit April 6, 2004 in the HCN Trial Court, Kenneth Twin v. Toni McDonald, et al, CV-04-27, seeking review of the determination by the Department of Personnel that he had voluntarily resigned from his position. On November 12, 2004 the Trial Court granted the Nation’s Motion for Summary Judgment ruling against Twin and opined that Appellant Twin had failed to exhaust his administrative remedies. Appellant appealed that Order in Kenneth Twin v. Toni Mc Donald, et al. SC 04-10.
This Court remanded SU 04-10 to the Trial Court. The Supreme Court’s ()"h , in SU 04-10 highlights the lack of a record of the material facts, and the lack of an.-.b sis of the facts as against the applicable law.
Following remand, the Trial Court held Oral Arguments July 26, 2005 on the Motion to Dismiss filed by the Ho-Chunk Nation. That Motion asserted that the case should be dismissed because (1) Mr. Twin did not exhaust the Nation’s grievance administrative review process and lacked standing to sue, and (2) the Complaint failed to state a claim upon which relief could be granted under the FML Policy of the Nation. On August 25, 2no5 the Trial Court issued an Order (Detenu i-nation upon Remand) in which it granted the Nation’s request for dismissal on the same grounds as its prior grant of Summary Judgment. The Trial Court Order instructed the Appellant to file an appeal within thirty (30) calendar days of its decision.[4]
The Appellant filed a Notice of Appeal from the Trial Court Order (Determination -upon Remand) on October 18, 2005. Fifty-three days had elapsed since the Order of the Trial Court. The Appellant asserts three basis for his appeal that: (1) the Trial Court erred in deciding the appellant must exhaust the administrative review process before filing a trial court action when the PPM provides no guidance on whether an employer-imposed “resignation” under FML is a matter subject to the administrative review process; (2) the Trial Court erred i n failing to recognize that the appellant substantially complied with the administrative review process prior to *177 filing his trial court action; and (3) that the Trial Court erred in upholding the appellant’s employer-imposed “resignation” when the employer failed to give timely notice to the appellant that the would be deemed to have resigned if he did not return to work by a certain deadline. Attorney Goodman asserts that as a question of law the decision of the Trial Court was flawed and that his client should be restored.
STANDARD OF REVIEW
The facts in this case are not disputed. The Trial Court issued the Order (Determination upon Remand) granting Motion for Dismissal based on its interpretation of the Nation’s FML policy, which is law. The HCN Supreme Court reviews questions of law on a de novo basis. Louella Kelty v. Janette Pettibone et al., SU 99-02 (HCN Sup.Ct. Sept. 24, 1999), and Robert A. Mudd v. Ho-Chunk Nation Legislature SU 03-02 (HCN Sup. Ct. April 8, 2003). The Trial Court is charged with the responsibility of making findings of fact pursuant to HCN Const. Acticle VII, Section 6(a). The Trial Court has heard the evidence, and the Supreme Court is normally highly deferential to the Trial Court. Hope Smith, v. Ho Chunk Nation, SU 03-08, (HCN Sup.Ct. Dec. 08, 2003). However, here the Supreme Court finds that the Trial Court committed error in reviewing the issue of the necessity for administrative exhaustion. That analysis should have taken into account first whether the employee’s received procedural due process rights relating to Notice from the Nation. This Court finds that those rights were violated due to the Nation’s failure to send notice to the proper current address. Further, this Court finds the Trial Court’s failure to examine whether the Appellant received proper notice under the PPM after an employee fails to return to work following the exhaustion of statutorily permitted leave time under the FM LA provisions is error.
This appeal therefore presents the Court with a mixed question of law and fact. In such matters the applicable standard is de novo review, with deference to those questions of fact which were ruled upon by the Trial Court.
DISCUSSION
This Court has established through a series of eases that employees of the Ho-Chunk Nation have a property interest in that employment.[5] It is also well established that the Nation cannot deprive an employee of that property interest in the absence of procedural due process as will be discussed below. In a matter questioning procedural due process the issue becomes whether the employee has met the burden to show that his procedural due process was violated.
I. THE DEFENDANTS DID NOT AFFORD THE EMPLOYEE MINIMAL PROCEDURAL DUE PROCESS PROTECTIONS AS GUARANTEED BY THE HCN Constitution, Art. X, § 1(A)(8) IN RELATION TO THE DETERMINATION OF HIS “VOLUNTARY TERMINATION”
The issue of due process with regard to employment actions has a long *178 history before the Nation’s Comte This Court has dearly recognized two distinct components of due process: notice and an opportunity to be heard. Louella Kelly v. Jonette Pettibone et al., SU 99-02 (HCN 5.Ct.), July 27, 1999 at 2-3 (“notice is required as an aspect of due process”) (citing Lonnie Simplot et al., v. HCN Dept of Health, CV 95-26 (HCN Trial Ct., Aug. 29, 1996)); Debra Knudson v. Ho-Chunk Nation Treas. Dept, SU 98-01 (HCN S.Ct., Dec. 1, 1998) at 3-4 (expressing disapproval of a particular employment practice, wherein the appellant “was not afforded the opportunity to confront or answer allegations made against her” prior to termination).
Through the binding precedent of HCN case law it is clear that supervisors fail to afford an employee with due process when they do not provide the employee with at least a minimal opportunity to be heard before a suspension or termination. See, e.g., Gary Lonetree, Sr. v. John Holst, as Slot Dir. Et al., CV 97-27 (HCN Tr. Ct., Sept. 24, 1998), aff'd, SU 98-07 (HCN S.Ct., Apr. 29, 1999); Roy J. Rhode v. Ona. M. Garvin, as Gen. Manager of Rainbow Casino, CV 00-39 (HCN Tr. Ct., Aug. 24, 2001); Margaret G. Garvin v. Donald Greengrass et al., CV 00-10, -38 (HCN Tr. Ct., Mar. 9, 2001) (identification of a grievable matter outside the express provisions of the policy to address non-gaming matter). The employee’s opportunity to be heard before a termination is nullified where he has not timely received communication which would have provided him with specific information that would have allowed him to safeguard his employment.
The Nation has been continually refining its approach to dealing with its employees through revisions to its human resource documents, first through establishment of a means to address grievances, including the authorization of a limited waiver of sovereign immunity and the institutions of hearings before an administrative body, through the Personnel Policies and Procedures,[6] and then through the subsequently adopted Employment Relations Act. Among other things, these documents reflect the effort to address the needs of the employer while addressing a means to fulfill the due process rights guaranteed by the Ho-Chunk Nation Constitution, Art. X, § 1(a)(8). It is a bright line rule in the Nation’s Courts that in order to fulfill the due process rights guaranteed to employees the employee must have a meaningful, pre-discipline, opportunity to be heard. Here, Appellant Twin has been afforded no such rights in a meaningful manner and that bright line has been crossed.
II. INADEQUATE NOTICE TO EMPLOYEE PREVENTS THE COURT FROM LOOKING TO EMPLOYEE’S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
On the same set of facts, the Trial Court has seen fit to issue: first, a Summary Judgment in favor of the Nation[7] and then after review of this matter by the Supreme Court on remand, the Trial Court granted a Motion to Dismiss. In neither instance did the Trial Court consider the issues of whether the employee had been afforded *179 the appropriate notice and opportunity to be heard. Rather, the Trial Court focused on the fact that. Mr. Twin had not filed a grievance and therefore had not appropriately exhausted available administrative remedies. However, that analysis overlooks the undisputed fact that the Nation’s Dept, of Personnel committed errors.
First, the Department committed error when it used the wrong address to communicate it’s determination that Twin’s medical leave expired March 3, 2004 and that he must return to work by March 4, 2004. Second, the Nation’s Department allowed a mere two days for the Appellant to report to work or face the consequences of voluntary termination. Kenneth Twin v. Toni McDonald, et al., CV 04-27, (HCN Tr. Ct., Nov. 12, 2004), (Exhibit “C” to Complaint) which states in part, ... if you do not return to work on March 4, 2004 the Ho-Chunk Nation will assume you have resigned and the status change will be processed.... This letter is dated March 1, 2004 and the accompanying Exhibit D, the post-marked envelope bears two postmarks, the legible mark being La Crosse, WI 02 March. The envelope also bears a mark for Black River Falls, but the date is not clear. The HCN Dept, of Personnel terminated Twin’s employment on March 8, 2004.[8] That letter too was sent to the old and incorrect Maplewood Court address. Under these undisputed facts the Appellant can not be deemed to have received adequate notice. Even if the Nation had sent the March 1, 2004 “End of FML” notice letter to the proper address of M r. Twin, and it had been received on March 2, there was insufficient time to respond. That would only have allowed two days for him to respond.
The failure to receive adequate notice is inconsistent with the principles of procedural due process. The Appellant cannot be penalized for this inadequacy of notice. In reality, on March 6, 2004, per the undisputed facts, Twin received the letter directing him to return to work on March 4, 2004. He was terminated on March 8. This Court notes that there was no dispute that the U.S. Postal service was unable to deliver the letter/Exhibit C to Twin before the March 4 deadline imposed by the HCN Dept, of Personnel, because the HCN Dept, of Personnel sent its letter to an old address for Twin on Maplewood Court,
Through no fault of his own, Twin was unable to eomply with the March 4 deadline as stated in Exhibit C to the Trial Court Complaint because the letter was not delivered to him until two days after the deadline imposed by the HCN Dept, of Personnel. In Ho-Chunk Nation Legislature v. Chloris A. Lowe, Jr., Kathyleen Lone Tree Whiterabbit, General Council Planning Committee and Ho-Chunk Nation Election Board, CV 96-22,-24, 1 Am. Tribal Law 145, 169-70, 1997 WL 34676286 (HCN Tr. Ct. Jan. 3, 1997), the Trial Court held that ten days notice to the Nation’s office holders was a minimum requirement, Here Twin was provided with fewer days, and the notice was sent to a faulty address whieh gave him insufficient time to respond.
The Supreme Court is disturbed by the fact that the Nation’s Department of Personnel proceeded to send the letter dated March 8, 2004 to Twin, advising hi m that he was deemed to have voluntarily resigned, in the absence of any documentation that the employee had in fact received the previous communication. Given the variables in the potential delivery of mail, the Department of Personnel should utilize return receipts on its mailing notices to employees to provide ample documentation for their files as to whether and when *180 those notices have been received by the employee.
III. FAILURE TO EXHAUST IS NOT A DEFENSE AVAILABLE TO THE NATION WHERE ITS NOTICE TO EMPLOYEE IS DEFECTIVE TO THE POINT THAT IT VIOLATES THE CONSTITUTIONAL GUARANTEES OF DUE PROCESS
The Nation’s Limited Waiver of Sovereign Immunity as embodied in Chapter 12 of the PPM requires administrative exhaustion. Chapter 12 states in relative part:
Tribal Court Review:
Judicial Review of any appealable claim may proceed to the Ho-Chunk Tribal Court after the Administrative Review Process contained in this Chapter has been exhausted, [emphasis supplied]
See Chapter 12 of the HCN Personnel Manual (Jan. 22, 2004 Ed.), pp. 63-64.
The requirement that employees with claims must exhaust the Nation’s grievance process is more than just a matter of what Chapter 12 of the Personnel Manual states. In fact, the Tribal Court Review provision is a part of the Nation’s Limited Waiver of Sovereign Immunity within HCN Legislative Resolution 6-9-98A. That Resolution provides no exceptions to the mandatory administrative exhaustion rule. Likewise, it is clear that adherence to the : Nation’s Administrative Review Process is both the responsibility of the Appellee and Appellants of the Ho-Chunk Nation. Sandra Sliwicki v. Rainbow Casino, Ho-Chunk Nation, SU 96-15 (HCN S.Ct., June 20, 1997). But, where notice is defective so that it denies an employee the opportunity to be heard, that error should not penalize the employee.
The Nation’s Department of Justice may be well advised to consult with its client concerning the desirability of the development of an internal information sharing system that allows the employer to keep al 1 employee records up to date and consistent from Department to Department. The employee has a duty to keep the employer informed of current information concerning their address. An employee’s communication of critical information such as a change of address should be through the appropriate supervisory chain of command. Here the communication was muddled and not clearly in the chain of command. Notice from the employee should be first to the supervisor or the supervisor’s designee, and if not present, only then to the Department of Personnel. The question arises as to how that notice from the employee is to be translated into notice to al 1 appropriate departments.
In the instant case the Appellant showed that he had notified the employer of his change of address[9] and in fact submitted as part of the trial court record, that he had received checks at his Iron Road address.[10] Ideally there would be a centralized means to update all necessary departments requiring current employee data. Such a mechanism would avoid a part of the problem faced by the Department of Personnel in this case relative to knowing where to send notices to the employee.
*181 Because notice fails, the employee was effectively barred from the administrative processes. The justification for an employment decision is irrelevant when an employee does not receive due process. The Nation’s case for failure to exhaust is a non sequiter.
IV. THE DENIAL OF THE OPPORTUNITY TO BE HEARD RESULTING FROM LACK OF PROPER NOTICE VIOLATES THE EMPLOYEES PROCEDURAL DUE PROCESS RIGHTS.
In the context of an employment action, the importance of adequate notice is to provide the employee with the information necessary to defend against the proposed action. The Appellant expressed concern over the lack of specificity in the PPM concerning whether an FML claim such as his could be brought as a grievance under the PPM. Admittedly the HCN Personnel Manual had shortcomings. Counsel for the Ho-Chunk Nation acknowledges that Chapter 12 of that Manual does not explicitly reference Chapter 8 in the Appellee’s Response Brief at page 15. Counsel further noted that however did not bar the Appellant from seeking a redress of his grievances. The Nation asserts that whether the Appellant was:
contesting a voluntary resignation or a termination, a grievance could have been filed under various points in the “Matters Covered by Administrative Review System” within Chapter 12 of the Personnel Manual. For instance, an FML claim could be alleged as “unfair treatment,” an issue of “compensation,” “any form of alleged discrimination,” or “a claimed violation, misinterpretation, or inequitable application of [the] policies and procedures.”
From this portion of the record, we conclude that it is the Nation’s position that it is possible to convene an administrative hearing for the purpose of contesting a voluntary resignation.
In consideration of the principle that where an employer seeks to extinguish the property right of an employee in his/her employment through an assertion the resignation was “voluntary” when the employee was not able to return to work following the termination of FML time, the employer must provide the employee with the opportunity to be heard. Here the Appellant was not provided with any options, but was deemed to have voluntarily resigned his post. Absent the showing by Mr. Twin that he had received letters, albeit in an untimely manner, there was no other evidence that the employee had received the information about his expected return from FML since the date of his request for leave.
The March 4 letter sent to the outdated address of Appellant is not adequate notice under the policy. Such failed notice is error and an affront to due process. The determination of voluntary resignation made by the Personnel Department warrants adequate time to assure that the employee receives the communication and has the opportunity to respond to it.
Mr. Twin’s ability to participate in the administrative processes, which could have resulted in administrative exhaustion, was hindered by the untimely notice provided to the Appellant, which effectively barred him from meaningful participation in the administrative process. Meaningful participation would entail the ability to effectively prepare a response and provide evidence to an administrative fact finding body, with the rights to appeal should that be necessary.
The Appellant’s failure to pursue and exhaust his Administrative remedies under the HCN Personnel policies can be *182 attributed' in part to the lack of time to respond. The opportunity to be heard was denied to Mr. Twin due in part to the failures of Notice. The employee is entitled to an opportunity to be heard on the issues he raises. The Nation may not avail itself of the defense of the exhaustion of remedies when it does not give the employee proper and timely notice of a change in the employee’s employment status. The Court declines to opine as to the defense offered by the Appellant that he did not act due to his perception that to do so would be hopeless.
V. VOLUNTARY TERMINATION-ACTION OF LAW
The FML policy as embodied in the old Personnel Policies and Procedures as interpreted by the Department of Personnel in this matter was set out at page 41 of the Personnel Policies and Procedures and is referenced in the Trial Court Order at page 5 and 6. The actions of the Nation’s Department of Personnel were in furtherance of the portion stating, “... An employee who fails to report promptly for work at the expiration of the requested FML, will be considered to have voluntarily resigned.”
It is clear that employees of the Nation are afforded certain rights under the Nation’s laws and policies. It behooves those that would work for the Nation to understand that those rights as are set forth the HCN Personnel Policies and now through its successor, the ERA. The HCN Trial Court has ruled previously that “all employees possess constructive notice of the laws established by the Ho-Chunk Nation.” See Susan Bosgraaf v. Ho-Chunk Nation Security Dept., CV 01-01 at 9 (HCN Tr. Ct., Aug. 6, 2001). This Court is not yet prepared to assert that all employees must know all laws of the Nation, but it is inclined to adopt this broad line of thought where a supervisory position is involved.
The rights of employees are attended by the obligation of each employee to provide the employer with information on a timely basis within their appropriate chain of command—should there be a need to request FML or any other type of leave. \ question remains as to whether that obligation may be met by providing notice to a third party or through providing notice through informal and questionable means. Such matters are left to the triers of fact.
The FML policy covers the eventuality that occasions may arise when an employee needs to be away from their employment for an extended period of time due to seek medical treatment. The policy offers a 12 week period of time when the position held by the employee is protected, thereafter the employee is obligated to return to work by the express terms of the policy. In the event that the employee does not return to work the tribe would process a voluntarily resignation.
Upon return from FML the employee may or may not be returned to the same position, depending on the return to work authorization of a qualified medical doctor. Each employee’s factual circumstances will have to be reviewed by their supervisory chain to determine whether the duties of the position can be performed or reasonable accommodation made. Generally, the effort shall be to return a person to the same position. However, if the best business practices and interests of the tribe require that a position be filled at all times and the position is no longer vacant when the employee is medically authorized to return to work, it would seem reasonable that an employee may be returned to a similar position after receiving medical authorization to return to "work. The intent of the Tribe is to acknowledge the value of skilled employees and to accommodate *183 those situations as are addressed in the FML policy. While not every situation can be reasonably accommodated, the failure of the employer to follow its policies would have a chilling effect on its ability to secure qualified staff.
Chapter 12 of the Ho-Chunk Nation Personnel Policies & Procedures Manual enumerates the grounds for initiating an administrative review, but does not specifically make an allowance for a review of a determination of voluntary resignation under the FML provisions of the Policies. Here the employee had doubts as to whether the Policies and Procedures permitted hi m to file a grievance concerning the Department of Personnel determination. Regardless of any doubt that this employee may have had, the Ho-Chunk Nation has explicitly provided protection in its Constitution for just this type of situation.
“Bill of Rights, (a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not:
(1) make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for redress or grievances;
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law.”
It is critical to the analysis of the facts that Mr. Twin had employment with the Tribe [11], became ill and sought the protections afforded to the Nation’s employees under the HCN Personnel Policies that would allow him time to seek appropriate medical treatment. Those protections include due process.
Generally, one cannot bring a suit after resigning his position. However, in this instance the analysis is similar to that of a constructive discharge. Defective notice to Mr. Twin has resulted in a denial of procedural due process which can be analyzed much as the constructive discharge line of cases would permit. He has standing to challenge the action ancillary to the underlying claim that the Department of Personnel notice to him was defective and afforded him inadequate time to respond to the FMLA directives. See, Leslie J. Schmolke v. Ho-Chunk Casino, Ho-Chunk Nation Business Department, CV 01-05, (Tr. Ct. Apr. 26, 2001) (defense of failure to state a claim for which relief can be granted was analyzed in light of HCN Civi P. Rule 55 standard for summary judgment, where notice of modification of employment classification was not provided employee. Trial Court held inter alia, that the issue of notice is a material fact. Affected employee is entitled to notice). See also, Maureen Arnett et al. v. HCN Dep’t of Admin. et al., CV 00-60 & 65, (HCN Tr. Ct.) (Jan 8, 2001) (recognizing the ability to claim constructive discharge under the HCN Personnel Policies and Procedures).
As this Court has said in Maureen Arnett et al. v. HCN Dep’t of Admin at page 15:
The Court deems that the Legislature intended to announce fundamental pub- *184 lie policies through the adoption of the Personnel Manual. In the Introduction, the Legislature emphasizes that “[t]hese policies are issued as the official directive of the obligations of the Ho-Chunk (sic) Nation and the employees to each other and to the public.”
The Nation has a duty to communicate with its employees in a manner which clearly lets the employee know the expectation and responsibilities that continue throughout the period of FML. However, it should be kept in mind that flexibility and the exercise of sound discretion on the part of the Department of Personnel may also be required. Not every individual that needs FML will be able to pre-plan its need. Accidents happen; illness and disease may ravage an individual such that they are not capable of communication with their employer in a given time frame. In those situations, the Department can look to its legal advisors for guidance to assure that in carrying out the duties relating to personnel that the rights of the individual employees are not trampled.
The determination that an employee has voluntarily resigned if they do not return to work following the exhaustion of FML as an action of law should be reviewed by the employer. Language in any policy or statute which operates to deprive an individual of their interests in a property right of employment through the operation of a negative presumption such as this is suspect, i.e.; if you don’t return by a date specific you will be deemed to have voluntarily resigned. Given previous discussion concerning the reasons behind FML such rigidity may not be appropriate. In this instance the Court has not been requested to address the specific language of the Policy and declines to provide further comment.
CONCLUSION
Although this case was brought prior to the implementation of the Employment Relations Act, in crafting a means to address the rights of the Appellant, the processes i n place under that Act are the appropriate means for the Appellant to address a grievance and it is so ordered that the decision of the Trial Court is hereby vacated and this matter remanded to allow the Appellant to access the available Administrative Review Process. Any administrative grievance subsequently filed by Appellant Twin, must be filed within ten (10) days of the date of this decision, with copies provided to the HCN Department of Justice. Any disputes concerning the factual findings at the administrative level will be subject to the review of the Trial Court i n accordance with the procedures in place under the Employment Relations Act.
It is so ordered. Egi Heshkekjet.

. The HCN Personnel Policies and Procedures Manual [hereinafter PPM] and the matters governed by it have been superceded by the Employment Relations Act of 2004, [hereinafter ERA] which became effective as of January 31, 2005.

. This entity is believed to have had a relationship as an insurer of the Ho-Chunk Nation. The Trial Court record does not provide specific information. The address ol Mr. Twin on this application is N7015 Iron Road.

.Mr. Twin indicated that he had inlormed Ms. Stephanie Littlegeorge of his address change when he saw her out in the community. This Court would not consider that constructive notice as such interactions would create a burden on employees while they are not engaging in their employment role. So, whether or not Mr. Twin told Ms. Littlegeorge of his address is irrelevant for purposes oi this decision as it does not rise to constructive notice to the Ho-Chunk Nation.

. The Supreme Court takes judicial notice of the fact that it has extended the time for appeals in the revisions to the HCN Rules of Appellate Procedure. HCN R. App P. 7b provides a right to appeal a final judgment or order of the Court within sixty (60) days of such order.

. See Simplot, Severson, Ravel v. HCN Dept. of Health, CV 95-26,27; 96-05 (HCN Tr. Ct. Aug. 29, 1996) (The interest a public employee has in his job constitutes property. Thus, he cannot be fired without the rudiments of fair procedure). An employee may not be dismissed absent good cause and is generally subject to progressive discipline absence egregious conduct.

. The Trial Court provides an excellent summary of the history of the development of the HCN law relating to the Personnel Policies and Procedures in its Findings of Fact starting at page 16 of the Order (Granting Defendant's Motion for Summary Judgment). The Trial Court brings the history up to the present day Employment Relations Ac t

. Kenneth Lee Twin V. Toni McDonald et. al., CV 04-27, (Nov. 12, 2004).

. Trial Court exhibit F, Kenneth Twin v. Toni McDonald, et al. CV 04-27, (Nov. 12, 2004).

. Kenneth Twin v. Toni McDonald, et al., CV 04-27, Complaint, Paragraph 9 (Dep’t of Personnel advised that Twin’s address was N7015 Iron Road, Black River Falls, WI). Undisputed by Nation.

. Kenneth Twin v. Toni McDonald, et al., CV 04-27, Complaint, Paragraph 14 (Other departments advised by Twin of his new address, Exhibit E, check dated March 2, 2004, payee Kenneth Twin at Iron Road address). Undisputed by Nation.

. The Ho-Chunk Nation courts have long held that employment is a property right. Ho-Chunk Nation Legislature v. Chloris A. Lowe, Jr., Kathyleen Lone Tree Whiterabbit, General Council Planning Committee and Ho-Chunk Nation Election Board CV 96-22,24, 1 Am. Tribal Law 145, 1997 WL 34676286 (HCN Tr. Ct. Jan. 3, 1997). See also Simplot, Severson and Ravel v. HCN Dept of Health, CV 95-26,27 & CV 96-05 (HCN Tr. Ct. August 29, 1996) citing Perry v. Sindermann, 408 U.S. 593, 92 S.Ct 2694, 33 L.Ed.2d 570 (1972)