DECISION
This case comes before the Ho-Chunk Nation Supreme Court on appeal of the Trial Court’s Order, (Final Judgment) in CV 05-43, dated January 4, 2006. Oral Argument before Associate Justice Mark Butterfield and Associate Justice Pro Tempore Kim Vele and Associate Justice Pro Tempore John Wabaunsee was held on June 2nd, 2006 at the HoCak Wa’ehi Hocira, Black River Falls, Wisconsin. The Court did not complete its decision within the normal 60 days and extended the time for decision another 80 days on August 3rd, 2006. The Decision of the Trial Court is reversed and the matter is remanded for further proceedings consistent with this opinion.
STATEMENT OF FACTS
Appellant, Sherry Wilson, proceeding pro se brought this action concerning the applicability of the HCN Personnel Policies and Peoceduees Manual to Plaintiffs Family Medical Leave (hereinafter FML).[1] The appellant was employed by the Ho-Chunk Nation in the Marketing Department of one of its Casinos which is within the Executive Branch. The appellant was discharged from work effective April 20, 2005 via a letter dated April 22, 2005. The actual facts of when the appellant started work, completed probation, took time off for her illness etc. are not recorded by the Trial Court in its finding of facts though they were discussed a great deal at Oral Argument. In addition, most of the timeline of the facts as alleged were listed i n an attachment to her Complaint Entitled, “Grievance.” and “Time- *186 line”. Those allegations state that the appellant began work on December 7, 2004 until March 17, 2005, at which time appellant informed her supervisor that she was on sick leave being admitted to the Black River Memorial Hospital. She further alleged she spoke to her supervisor Dan Sine several times every week and left voice mail messages detailing her condition from the date of her admission, March 18 until April 15, 2005 the discharge date. On April 22, 2005 a letter was sent to the appellant detailing that she was being released from employment for failure to follow' directives in the HCN ERA in regards to attendance. The letter went on to state that she was not eligible for Family Medical Leave [FML] and had insufficient leave to cover her absence.[2]
The appellant named the HCN Dept. of Personnel as the sole defendant in this matter but attached a separate sheet to her Complaint Titled “Cause of Action” which listed both the HCN Dept, of Personnel and the Ho-Chunk Casino Human Resources but also specifically mentioned the Ho-Chunk Casino Marketing Director Dan Sine. The appellant brought this action directly because she was denied the right to present her case to the Grievance Review Board hereinafter CUB Trial Court Order (Final Judgment) (HCN Tr. Ct. Jan 4, 2005, CV 05-48) p. 10. The Court also made a finding that even had the GRB considered the matter grievable, it was not up and running, or able to hear grievances until September 2005. Id. at 11.
The case went to Trial on October 4, 2005, and the Trial Court apparently took extensive evidence, yet eventually dismissed this case on sovereign immunity grounds because the appellant failed to name the proper party and only named an official department of the Ho-Chunk Nation. See Order (Final Judgment) dated January 4, 2006.
The HCN Supreme Court has considered the matter after Oral Argument and disagrees with the Trial Court that this matter should be dismissed on technical grounds. We therefore reverse and remand this case for the reasons stated below.
STANDARD OF REVIEW
The facts in this case as presented though not fully laid out[3] are not disputed. The Trial Court issued the Order (Final Judgment) based on its interpretation of the HCN Constitution Art XII which is law. The HCN Supreme Court reviews questions of law on a de nono basis. Louella Kelty v. Jonette Pettibone et al., SU 99-02 (HCN Sup.Ct. Sept. 24, 1999), and Robert A. Mudd v. Ho-Chunk Nation Legislature SU 03-02 (HCN Sup. Ct. April 8, 2003). The Trial Court is charged with the responsibility of making findings of fact pursuant to HCN Const. Article VII, Section 6(a). The Trial Court has heard the evidence, and the *187 Supreme Court is normally highly deferential to the Trial Court. Hope Smith v. Ho Chunk Nation, SU 03-08, (HCN Sup.Ct. Dec. 08, 2003). However, here the Supreme Court finds that the Trial Court failed to fully set forth all the facts necessary to resolve this case without remand.
DISCUSSION
This Court has recently reviewed a case similar to this in that an employee was discharged for having “voluntarily terminated” his employment by failing to show up for work the exact day his FML coverage expired. Twin v. McDonald et al. SU 06-09, 6 Am. Tribal Law 172, 2006 WL 5820604 (HCN S.Ct. July 3, 2006). In Twin this Court reversed the Trial Court because the Notice of Termination, was not sent with sufficient time for the employee to respond prior to the termination. Mr. Twin was left without the ability to respond and possibly save his employment. The factual situations of the two cases were similar in that both Mr. Twin and the appellant were suffering from debilitating illnesses that prevented their speedy return to the workplace. They are dissimilar in that the appellant here alleged that she was in nearly constant contact with her superior and advised him of the progress of her medical condition and kept in contact with her subordinates at the job-site as to their duties.
The Trial Court dismissed the appellant’s on procedural grounds without reaching the merits. The Trial Court determined that because she failed to name the appropriate party as requiring dismissal because she sued the sovereign and no one else. The Trial Court never actually addressed Ms. Wilson claims and this Court is uncertain if the Trial Court would have ruled in the appellant’s favor, (due to the fact it never reached that question.) The Trial Court held that by failing to name the proper party required dismissal. The appellant named the sovereign and not someone acting outside the scope of their authority pursuant to HCN Const. Akt. XII (a).[4]
However, this Court holds that the Trial Court’s reading of the Complaint was too formalistic. HCN R. Civ. P. 2 states that the Rules are to be interpreted to give a just and speedy determination of every action. (Italics added for emphasis). This is just such a case where formalism was exalted over substance and the just nature of the determination of the appellant’s case is in doubt. The Trial Court failed to communicate to the pro se litigant in this matter that it could dismiss the Complaint unless they formally amended the Complaint to incorporate its substance. A cursory review of the attachments to the Complaint detail that the appellant named a party, Dan Sine, whose actions were questioned as being potentially outside the scope of his authority. Had the Trial Court formally advised the pro se litigant that dismissal wras likely unless she added a party who was amenable to suit and she adamantly refused to so amend her pleadings coupled with no plausible reading of the Complaint of any party acting outside the scope of their authority, this Court might inclined to uphold the Trial Court’s determination.
The standard Scheduling Order in this case states that an amendment to a pleading must be done before a date certain, in this case September 2, 2005, citing HCN 11. Cir. P. 21. Moreover, HCN R. Civ. P. 27 (b) states that the Complaint should *188 state whether the Individual is being sued in its individual or official capacity. Here the appellant actually named Dan Sine and his position in the attachments to the Complaint. The appellant also named Jim Lambert and Toni McDonald in the attachments to the Complaint as employees within the Dept, of Personnel who may have given her improper advice potentially outside the scope of their capacity leading to her not fulfilling the proper requirements of returning to work.
These allegations had already put the defendant on notice of the appellant’s case. It is notice to both sides in a legal dispute that is critical. If a party knows what they are to defend against they may clearly formulate a legal strategy and garner facts which would best present them defense. The appellee had that notice in this matter from the beginning. Therefore, given that this Court requires that matters be resolved in a just and speedy manner, which of course incorporates due process notions of notice and an opportunity to be heard, it seems incongruous that the Trial Court would apply such a strict and literal interpretation of sovereign immunity to cut off a litigant who actually named not one but several employees who she alleged gave her negligent advice. This Court notes that such a rigid interpretation also runs counter to Fed R Civ. P. 15(b)’s admonishment that,
when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleading as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon the motion of any party at any time, even after judgment; but failure to amend does not affect the result of the trial of these issues.
Id. Therefore, it is this Court’s holding that this matter is reversed and remanded with instructions for the Trial Court to liberally construe the Complaint as having been amended to conform to the evidence, including its prior finding that the GRB was actually unavailable to provide the appellant a hearing. The Trial Court shall also carefully examine this case to determine if the principles announced in Twin v. McDonald, et. al, supra are applicable to the case at issue.
CONCLUSION
This case is therefore reversed and remanded to the Trial Court for actions consistent with this opinion. The Trial Court is instructed to make those determinations, including findings of fact, it avoided when it dismissed this case on sovereign immunity grounds. The pleading caption may be amended to conform to the actual findings in the case including those officials who were alleged by the appellant to have acted outside the scope of their authority.
IT IS SO ORDERED. Kgi Hesh-kekjet.

. The HCN Personnel Policies and Procedures Manual [hereinafter PPMj and the matters governed by it have been superceded by the Employment Relations Act OF 2004, [hereinafter ERA] which became effective as of January 31, 2005.

. The Supreme Court makes no comment on these allegations since they are not in the findings of fact other than to state what the appellant stated was her case prior to trial. A Trial took place in this case, yet the actual findings of fact were not made explicit by the Trial Court. The HCN Supreme Court is not empowered to make findings of fact pursuant to the HCN Const. Art. VIH § 6(a), and therefore must be careful not to appear to usurp the role of the Trial Judge who having sifted through the evidence is in a better position to judge credibility and the weight of evidence. However, the Supreme Court might find it easier to do its job if the full findings of fact were made in a case such as this, where some facts were omitted because the Trial Court dismissed the case on other jurisdictional grounds.

. See footnote 2, infra.

. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives: its sovereign immunity, and officials and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.