*38 ORDER (Denying Review)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to review the decision of the Grievance Review Board (hereinafter GRB). The Court declines to perform an administrative review due to the petitioner’s failure to file a timely initial pleading. This failure resulted in the imposition of statutory bars to judicial consideration of the merits. The analysis of the Court follows below.
PROCEDURAL HISTORY
The petitioner, Diana J. Wolf, filed her Petition for Administrative Review (hereinafter Petition) on May 28, 2009. See Employment Relations Act of 2004 (hereinafter ERA), 6 HCC § 5.35c; see also Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 63(A)(1)(a). On May 28, 2009, the Court entered the Scheduling Order, setting forth the timelines and procedures to which the parties should adhere during the pendency of the appeal. In response, the respondent submitted the administrative record on June 4, 2009. See HCN R. Civ. P. 63(D).
The petitioner next filed a timely Initial Brief on June 29, 2009. Id., Rule 63(E). The respondent, by and through Ho-Chunk Nation Department of Justice (hereinafter DOJ) Attorney Wendi A. Hul-ing, filed a timely Response Brief on July 28, 2009. Id. The petitioner opted to fore-go the filing of a Reply Brief on or before August 7, 2009. Id.
Thereafter, the Court issued Notice!s) of Hearing on November 2, 2009, informing the parties of the date, time and location of a Status Hearing.[1] The Court convened the Hearing on November 12, 2009 at 10:00 a.m. CST. The following parties appeared at the Status Hearing: Diana J. Wolf, petitioner, and DOJ Attorney Wendi A. Huling, respondent’s counsel.
At the Hearing, the Court scheduled an oral argument as reflected in the November 12, 2009 Order (Notice of Oral Argument).[2] See Initial Br. at 1; Pet. at 3. The Court convened the Oral Argument Hearing on March 3, 2010 at 10:00 a.m. CST. The following parties appeared at the Hearing: Diana J. Wolf, petitioner, and DOJ Attorney Wendi A. Huling, respondent’s counsel.
*39 APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. V—Legislature
See. 2. Powers of the Legislature. The Legislature shall have the power:
(b) To establish Executive Departments, and to delegate legislative powers to the Executive branch to be administered by such Departments, in accordance with the law; any Department established by the Legislature shall be administered by the Executive; the Legislature reserves the power to review any action taken by virtue of such delegated power;
Art. VI—Executive
Sec. 1. Composition of the Executive,
(b) The Executive Branch shall be composed of any administrative Departments created by the Legislature, including a Department of the Treasury, Justice, Administration, Housing, Business, Health and Social Services, Education, Labor, and Personnel, and other Departments deemed necessary by the Legislature. Each Department shall include an Executive Director, a Board of Directors, and necessary employees. The Executive Director of the Department of Justice shall be called the Attorney General of the Ho-Chunk Nation. The Executive Director of the Department of Treasury shall be called the Treasurer of the Ho-Chunk Nation.
Art. XI I—Sovereign Immunity
Sec. 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
STATUTE OF LIMITATIONS & COMMENCEMENT OF CLAIMS ACT, 2 HCC § 14
Subsec. 2. Purpose. This Act establishes the maximum time periods in which civil action must be commenced or be forever barred.
Subsec. 4. Civil Action and Tim,e Limitation. Civil actions may be commenced only within the periods as prescribed here:
e. Employment. All employment actions must be filed in the Trial Court within 30 calendar days of the final administrative grievance review decision by the Grievance Review Board.
EMPLOYMENT RELATIONS ACT OF 2004, 6 HCC § 5
Subsec. 31. Employee Discipline.
a. Depending on the nature of the circumstances of an incident, discipline will normally be progressive and should bear a reasonable relationship to the violation. Based on the severity of the employee conduct, progressive discipline may not be applicable. Supervisors imposing discipline shall afford Due Process to the employee prior to suspending or terminating any employee. Types of discipline include:
(2) Termination.
Subsec. 34. Administrative Review Process.
a. Policy.
(1) The Department of Personnel will take all reasonable steps to investigate any incident, which has resulted in disciplinary action. It is the policy of the Ho-Chunk Nation to afford all eligible employees who have been subject to suspension or termination a means of having the circumstances of such disciplin *40 ary action reviewed by an impartial and objective Grievance Review Board (Board).
(2) Employees are entitled to grieve suspensions or terminations to the Board. The Board will be selected from a set pool of employees and supervisors with grievance training, who will review a case and determine whether to uphold the discipline.
(3) Following a Board decision, the employee shall have the right to file an appeal with the Ho-Chunk Nation Trial Court (Court).
c. Notification of Disciplinary Action. At the time an employee is notified of disciplinary action, the employee shall be advised of his or her right to a hearing before the Grievance Review Board.
d. Request for a Hearing. An employee must request a hearing within five (5) business days of the date the disciplinary action was taken. At the time the employee requests a hearing, he or she must inform the Department of Personnel if he or she is to be represented by an attorney. If so, the attorney must also file for an appearance with Department of Personnel within five (5) days of the date the employee requested a hearing. Failure to request the hearing within this time frame will result in the forfeiture of a hearing by the Board.
g. Proceedings of the Board. At the commencement of a hearing before the Grievance Board of Review [sic ], the Department of Personnel will discuss with the Board their responsibilities and obligations including, but not limited to, the following:
(7) At the conclusion of the presentation of testimony and evidence, the Board will privately deliberate and make a decision within five (5) business days. No record of the Board’s deliberation will be made. The decision of the Board shall describe the facts of the case and determine whether the facts support a violation of the Employment Relations Act or applicable Unit Operating Rules.
h. Scope of Authority and Limited Waiver of Sovereign Immunity. The decision of the Board shall direct a remedy or remedies consistent with the findings of the Board, enforceable by the Executive Director of Personnel, subject to the following considerations and limitations:
(1) Employees bear the burden of proof to show by a preponderance of the evidence that they have been subject to improper disciplinary action, harassment, or discrimination.
Subsee. 35. Judicial Review.
a. Waiver of Sovereign Immunity. Pursuant to Article XII of the Constitution of the Ho-Chunk Nation, the Ho-Chunk Nation Legislature expressly waives the sovereign immunity of the Ho-Chunk Nation in the limited manner described herein. This waiver shall be strictly construed.
c. Judicial review of a grievance involving suspension, termination, discrimination, or harassment may proceed to the Ho-Chunk Nation Trial Court only after the Administrative Review Process has been exhausted through the Grievance Review Board.
(1) An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.
e.Under this limited waiver of sovereign immunity, the Court shall review the Board’s decision based upon the record before the Board. Parties may request an opportunity to supplement the record in the Trial Court, either with evidence or statements of their position. The Trial Court shall not exercise de novo review of Board decisions. The Trial Court may *41 only set aside or modify a Board decision if it was arbitrary and capricious.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(C) Methods of Service of Process.
3. After the first successful service of process, the Court and the parties will then perform all written communications through regular mail at that address. Therefore, each party to an action has an affirmative duty to notify the Court.
Rule 57. Entry and Filing of Judgment.
All judgments must be signed by the presiding Judge. All signed judgments shall be deemed complete and entered for all purposes after the signed judgment is filed with the Clerk. A copy of the entered judgment shall be mailed to each party within two (2) calendar days of filing. The time for taking an appeal shall begin running from the date the judgment is filed with the Clerk. Interest on a money judgment shall accrue from the date the judgment is filed with the Clerk at a set rate by the Legislature or at five percent (5%) per year if no rate is set.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity that prevented a party from receiving a fair trial or a substantial legal error that affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this Rule, the time for initiating appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating the appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C)Motion to Modify. After the time period in whieh to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this Rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The *42 time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; (2) fraud, misrepresentation or serious misconduct of another party to the action; (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii), did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
Rule 63. Judicial Review of Administrative Adjudication.
(A) Any person aggrieved by a final agency decision may request that the Ho-Chunk Nation Trial Court review such decision by filing a Petition for Administrative Review with the Court within thirty (30) calendar days of such decision, unless otherwise provided.
1. The following laws provide for filing within thirty (30) days:
a. Employment Relations Act of 2004
(A) The Petition for Administrative Review shall identify the petitioner making the request by name and address. The Petition for Administrative Review must also contain a concise statement of the basis for the review, i.e., reason or grounds for the appeal, including a request to supplement the evidentiary record pursuant to HCN R. Civ. P. 63(D)(l)(a-b), if applicable. The statement should include the complete procedural history of the proceedings below. The petitioner must attach a copy of the final administrative decision to the Petition for Administrative Review.
(D) The commission or board, designated as the respondent, must transmit the administrative record to the Court within fifteen (15) days after receipt of the Petition for Administrative Review. The administrative record shall constitute the sole evidentiary record for judicial review of the agency decision, unless the petitioner avails him or herself of the following exception:
1. The petitioner may request an opportunity to supplement the evidentiary record within an Employee Grievance Review Board appeal, provided that the petitioner demonstrates that the Board:
a. excluded relevant evidence as defined by the Federal Rules of Evidence, Rule 401; or
b. failed to consider evidence that could not reasonably have been discovered prior to the Employee Grievance Review Board hearing.
(E) Within thirty (30) calendar days of filing the Petition for Administrative Review, the petitioner shall file a written brief, an Initial Brief .... The respon *43 dent shall have thirty (30) calendar days after filing of the brief in which to file a Response Brief. After filing of respondent’s Response Brief, the petitioner may file the Reply Brief within ten (10) calendar days.
(G) At the discretion of the Court, the Court may require an oral argument. The Court shall decide the order of the presentation, the length of time each party is permitted for their presentation, the issues to be addressed in oral argument, and such other matters as may be necessary. An order entitled, Notice of Oral Argument, shall include all such matters and shall be served on all parties at least ten (10) calendar days prior to the date set for argument.
(J) The Court maintains discretion to grant continuances upon a showing of good cause.
(K) The Court shall issue a final written decision within ninety (90) calendar days after the conclusion of oral argument. If no oral argument is held, the time-frame for issuance of a decision begins after the expiration of time to file a Response Brief or Reply Brief, whichever is longer.
FEDERAL RULES OF EVIDENCE [3]
Art. IV—Relevancy and Its Limits
Rule 401. Definition of “Relevant Evidence”.
“Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
FINDINGS OF FACT
1. The petitioner, Diana J. Wolf, is a non-member, and maintains a mailing address of N12712 Poplar Road, Fairchild, WI 54741. Pet. at 1. The petitioner was employed as a Financial Aid Specialist within the Ho-Chunk Nation Department of Education. The Education Department is an executive department with principal offices located on trust lands at Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI. See Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. VI, § 1(b). The Ho-Chunk Nation (hereinafter HCN or Nation) is a federally recognized Indian tribe. See 74 Fed.Reg. 40218 (Aug. 11, 2009).
2. The respondent, GRB, is a statutorily established entity created for the purpose of hearing certain employment grievances, and is primarily comprised of randomly selected members who receive training facilitated by the HCN Department of Personnel. ERA, § 5.34a(l-2); see also Janet Funmaker v. Libby Fairchild, in her capacity as Executive Dir. of HCN Dep’t of Pers., et al., SU 07-05 (HCN S.Ct., Aug. 31, 2007) at 4 (clarifying that the GRB is “an agency within the Department of Personnel”).
3. On April 16, 2009, the GRB conducted the hearing in relation to the termination grievance.[4] In re the Matter of: Diana Wolf v. Dep’t of Educ. et al., GRB-026-09T (GRB, Apr. DO 23, 2009) (herein *44 after Decision) at 2.[5]
4. In the Decision, the GRB informed the petitioner of her right to appeal, explaining that “[t]he ERA further provides that an employee may appeal a Board decision to the Trial Court within 30 calendar days of service of the Board’s decision by mail.”[6] Id. at 12. The GRB mailed the Decision on April 23, 2009, to the petitioner at her address of record. Id. at 13.
5. On Thursday, May 28, 2009, the petitioner filed her initial pleading, which occurred thirty-five (35) days after the issuance of the Decision.
6. The respondent asserted that the petitioner filed an untimely initial pleading. Oral Argument Hr’g (LPER at 13, Mar. 3, 2010, 10:30:31 CST); Resp. Br. at 2-3.
7. The petitioner offered neither a verbal response nor a written response to the respondent’s defense since she did not file a reply brief.
DECISION
The Court begins by emphasizing that it is not performing a deferential review of an administrative agency decision in the instant case. See ERA, § 5.35e. Rather, the Court must first resolve whether the petitioner filed a timely initial pleading.[7] In the absence of a timely filing, the petitioner cannot avail herself of the limited waiver of sovereign immunity incorporated within the prevailing employment law. Id., § 5.35a, e(l). Also, the petitioner’s cause of action would be barred by the applicable statute of limitation.[8] Statute of Limitations & Commencement of Claims Act (hereinafter SLCCA), 2 HCC § 14.4e.
The GRB issued its administrative decision on April 23, 2009, and mailed the document to the petitioner on the same date. Decision at 1, 13. The GRB informed the petitioner that she could “appeal a Board decision to the Trial Court within 30 calendar days of service of the Board’s decision by mail.” Id. at 12. The underlying law similarly states: “An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.” ERA, § 5.35c. The question becomes whether service occurs upon mailing or upon receipt. Notably, the ERA nowhere mentions or references receipt of the decision, but focuses solely upon the act of mailing.[9]
Commonly speaking, the Court performs service of process by mail when it transmits a document to the United States Postal Service for delivery. Alternatively, designation of the date of receipt as the date upon which the statute of limitation *45 begins to run would amount to the selection of a variable starting point. Attempting to ascertain actual party receipt by regular mail is an entirely speculative exercise.*[10] The Court cannot regard service by mail as referencing receipt since the Court is required to “strictly construe! 3” the limited waiver of sovereign immunity. Id., § 5.35a. A strict interpretation would not permit an ambiguous appellate time-frame.
The petitioner’s failure to adhere to the terms of the limited waiver has the effect of raising the shield of sovereign immunity against her suit. The petitioner filed the initial pleading five (5) calendar days after the expiration of the appeal period.[11] Id., § 5.35c(l). The petitioner consequently cannot maintain a cause of action against the respondent. “The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity. ...” Const., Art. XII, § 1. This immunity extends to the separate branches and sub-entities of the tribe. Timothy G. Whiteagle et al. v. Alvin Cloud, Chairman of . the Gen. Council of Oct. 11, 2008, in his official capacity, et al., SU 04-06 (HCN S.Ct., Jan. 3, 2005) at 6; Chloris A. Lowe, Jr. v. Ho-Chunk Nation et al., SU 97-01 (HCN S.Ct., June 13, 1997) at 3-4. As stated above, the GRB serves as a division within the HCN Department of Personnel, and the Judiciary has long held that an untimely filing constitutes a failure to adhere to the express terms of the limited waiver of sovereign immunity. See, e.g., Marie WhiteEagle v. Ho-Chunk Nation, et al., CV 01-52 (HCN Tr. Ct., Sept. 21, 2001), aff'd, SU 01-14 (HCN S.Ct., Nov. 27, 2001).
The Court’s decision to deny administrative review may seem an unjust result given the need to engage in the preceding statutory interpretation. The Court holds that this interpretation independently justifies the result, but several other reasons also militate against allowing the preservation of petitioner’s suit. First, the respondent effectively raised the sovereign immunity and statute of limitation defenses.[12] Second, the petitioner neglected to offer any response to the as *46 serted defenses, thereby disregarding her burden to prosecute in this respect. See, e.g., Joshua F. Smith, Sr. v. Adam Estes et al., CV 03-08 (HCN Tr. Ct., Dec. 18, 2003) at 13; Leigh Stephen et al. v. Ho-Chunk Nation, CV 97-141 (HCN Tr. Ct., Oct. 26, 1998) at 5; Edward Fronk v. Ho-Chunk Tours, CV 96-11 (HCN Tr. Ct., June 19, 1996) at 1. Finally, the corresponding statute of limitation reads as follows: “All employment actions must be filed in the Trial Court within 30 calendar days of the final administrative grievance review decision by the Grievance Review Board.” [13] SLCCA, § 14.4e, The statute of limitation erects a “maximum time period! ] in which [a] civil action must be commenced or be forever barred,” and omits any notation to mailing. Id., § 14.4a. The HCN Legislature adopted the SLCCA on July 20, 2006, following passage of the ERA on December 9, 2004. The statute of limitation provision further confirms that the Legislature intended the limited waiver of sovereign immunity to reference the date of issuance of an administrative decision, which coincides with the date of mailing.
BASED UPON THE FOREGOING, the Court denies the performance of an administrative review due to the filing of an untimely initial pleading. The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. PJ, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.l” HCN R. Civ. P. 61.
IT IS SO ORDERED this 7th day of May 2010, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Court scheduled the Status Hearing to provide the petitioner an opportunity to demonstrate grounds for supplementing the evi-dentiary record. See Initial Br. at 1; Pet. at 3 (citing HCN R. Civ. P. 63(D)(1)); see also ERA, § 5.35e. While the petitioner could not establish that the respondent excluded relevant evidence, Status Hrg (LPER, Nov. 12, 2009, 10:27:55 CST), she did prove an inability to submit two (2) rebuttal documents in time for the April 16, 2009 GRB hearing. Id., 10:33:31 CST. The Court accepted each document in the absence of an objection from the respondent. Id., 10:36:48 CST; see also HCN R. Civ. P. 63(D)(1)(b).

. On January 4, 2010, the respondent filed a Motion to Reschedule accompanied by a Motion for Expedited Consideration, seeking a postponement of the oral argument due to a medical concern of respondent’s counsel. The Court granted the request and subsequently issued Noticefs) of Hearing on February 17, 2010, informing the parties of the date, time and location of the rescheduled Oral Argument Hearing.

. The Supreme Court adopted the Federal Rules of Evidence for usage in all tribal judicial proceedings. In re Adoption of Fed. R.Evid. (HCN S.Ct., June 5, 1999).

. The ERA does not establish a timeframe in which the GRB must convene a hearing alter receiving a grievance. In this instance, thirty-six (36) days elapsed between the filing of the March I 1, 2009 grievance and the hearing.

. The ERA requires the GRB to issue a decision within five (5) business days of the hearing. ERA, § 5.34g(7),

. The governing employment statute specifically provides, in relevant part as follows: “An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.” ERA, § 5.35c.

. In this regard, the Court follows standing practice of the HCN Supreme Court. See Gale White v. Jean Day et al., CV 07-54 (HCN Tr. Ct„ Dec. 9, 2008) at 17 n.7.

. The limited waiver simultaneously acts as a statute of limitation because it erects an initial judicial filing deadline. See generally Kenneth L. Twin v. Douglas Greengrass, Executive Dir. of Admin., CV 03-88 (HCN Tr. Ct„ Oct. 7, 2004), appeal denied, SU 04-08 (HCN S.Ct., Dec. 29, 2004) (detailing the legal justification of statutes of limitation).

. ‘‘[Cjourts have upheld service when statutes mandate mailing and do not mention receipt....” Miller v. Stimpson, 20 Pa. D. & C.3d 31, 33 (Pa.Com.Pl.1981) (citing 62 Am. Jur.2d Process § 65 (1972)).

. In a separate context, the HCN Supreme Court recommended as follows: “Given the variables in the potential delivery of mail, the Department of Personnel should utilize return receipts on its mailing notices to employees. ...” Kenneth L. Twin v. Toni McDonald et al., 6 Am. Tribal Law 172, 179-80 (HCN S.Ct.2006). Notably, the Supreme Court has not adopted an equivalent rule for the Judiciary, but has plainly imposed an affirmative obligation upon a party to inform the Court of any change of address following initial service of process. See HCN R. Civ. P. 5(C)(3), 57. Moreover, usage of certified mail does not ensure party receipt, and, therefore, constitutes a form of constructive, not actual, service since a non-party may affix his or her signature to a Domestic Return Receipt.

. The petitioner opted to use the judicially-created boilerplate pleading form when instituting her cause of action. See http://www. ho-chunknation.co m/UserFiles/PetitionforAd-ministrativeReview09.pdf (last visited May 6, 2010). One should be capable of completing the fill-in-the-blank Petition with relative ease, and a reasonably diligent individual would not require thirty (30) days in which to do so. In contrast, a petitioner must draft his or her own Initial Brief, but a party can request continuances for good cause. HCN R. Civ. P. 63(e, j).

."Where a party fails to assert a defense of sovereign immunity in a case, such a defense is waived.” Sharon Williams v. HCN Ins. Review Comm’n, SU 08-01 (HCN S.Ct., Oct. 29, 2008) at 16 (citing Louella A. Kelty v. Jonette Pettibone et al., 6 Am. Tribal Law 320 (HCN Tr. Ct.2006)). Similarly, a statute of limitation provides an affirmative defense subject to waiver. Twin, 6 Am. Tribal Law at 177 (citing Md. Cas. Co. v. Beleznay, 245 Wis. 390, 397, 14 N.W.2d 177 (1944) (Fowler, J. dissenting)).

. The HCN Supreme Court offered equivalent direction: “Any person aggrieved by a final agency decision may request that the Ho-Chunk Nation Trial Court review such decision by filing a Petition for Administrative Review with the Court within thirty (30) calendar days of such decision....” HCN R. Civ. P. 63(A)(1)(a).