ORDER
(Granting Motion to Dismiss)
AMANDA L. ROCKMAN, Interim Chief Judge.
INTRODUCTION
The Court must determine whether to grant the intervenor’s Grievance Review Board Motion to Dismiss Petition for Administrative Review. The Court hereby grants the intervenor’s motion to dismiss as the petitioner filed an untimely Petition, for Administrative Review. The analysis of the Court follows below.
PROCEDURAL HISTORY
The Court issued its first dispositive decision on the matter on August 6, 2009, in an order affirming the decision of the Grievance Review Board (hereinafter GRB). Daniel Topping v. HCN Grievance Review Bd., CV 09-02 (HCN Tr.Ct., Aug. 6, 2009). The HCN Supreme Court subsequently overturned the Court’s decision and remanded the matter back to the GRB. Daniel Topping v. HCN Grievance Review Bd., SU 09-08 (HCN S.Ct., Jul. 1, *112 2010) at 9. The GRB held a meeting on September 20, 2010, in an attempt to comply with the HCN Supreme Court’s remand order. Summ. of Discussion at 1. On September 27, 2010, the GRB issued a Summary of Discussion of the September 20, 2010 meeting in which it determined not to reopen the petitioner’s case. Id. at 4. For unknown reasons, the Summary of Discussion was not mailed to the petitioner until October 22, 2010.
On October 27, 2010, the petitioner filed a Motion for Reconsideration and Motion for Hearing with the GRB. On November 4, 2010, the Chairman of the GRB issued a letter indicating that he would request that the Executive Director of Personnel deny the petitioner’s request for reconsideration and a hearing. Administrative Record at 21. The letter indicated the Executive Director of Personnel would be issuing a written decision on the petitioner’s requests, but the Court has not received any record of such a decision. Id. at 22.
The petitioner initiated the instant case by filing a Petition for Administrative Review on November 30, 2010.[1] Consequently, the Court scheduled a Scheduling Conference for February 21, 2011, at 2:30 p.m. CST. Following the Scheduling Conference, the Court issued a Scheduling Order on February 22, 2011, setting all relevant briefing deadlines for the ease. The respondents filed a Notice and Motion for Extension of Time to File on March 14, 2011. The respondents filed the Administrative Record on March 15, 2011. On March 17, 2011, the intervenor filed the Grievance Review Board Motion to Dismiss Petition for Administrative Review and Memorandum in Support. The inter-venor’s motion to dismiss primarily argues that the petitioner’s appeal is untimely. GRB Mot. to Dismiss Pet. for Administrative Revww and Mem. in Supp. at 5. The Court scheduled a Motion Hearing for April 19, 2011, at 2:00 p.m. CDT.
The petitioner timely filed a Brief in Support of Petition for Review and a Response to Grievance Review Board Motion to Dismiss on April 7, 2011. On April 18, 2011, the respondents filed a Reply Brief to Grievance Review Board Motion to Dismiss Petition for Administrative Review and Memorandum in Support and Notice of Motion and Motion to Dismiss along with an Affidavit of Heidi A. Drobnick. The respondents’ Motion to Dismiss joins the intervenor’s Motion to Dismiss and additionally argues improper and ineffective service of the Petition for Administrative Review. Reply Br. to GRB Mot. to Dismiss Pet. for Administrative Review and Mem. in Supp. and Notice of Mot. and Mot. to Dismiss at 1. The Court subsequently rescheduled the Motion Hearing for May 17, 2011, at 2:00 p.m. CDT, to allow the intervenor and the respondents to argue their motions.
The Court convened the Motion Hearing on May 17, 2011, at 2:00 p.m. CDT. The petitioner appeared personally along with his attorney, James Ritland. Attorney Heidi Drobnick appeared personally on behalf of the respondents. Attorney William Gardner appeared personally on behalf of the intervenor.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
ARTICLE XII—SOVEREIGN IMMUNITY
Section 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be im *113 mune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
EMPLOYMENT RELATIONS ACT OF 2004
34. Administrative Review Process, a. Policy.
(3) Following a Board decision, the employee shall have the right to file an appeal with the Ho-Chunk Nation Trial Court (Court).
34. Judicial Review,
a. Waiver of Sovereign Immunity. Pursuant to Article XII of the Constitution of the Ho-Chunk Nation, the Ho-Chunk Nation Legislature expressly waives the sovereign immunity of the Ho-Chunk Nation in the limited manner described herein. This waiver shall be strictly construed.
c. Judicial review of a grievance involving suspension, termination, discrimination, or harassment may proceed to the Ho-Chunk Nation Trial Court only after the Administrative Review Process has been exhausted through the Grievance Review Board.
(1) An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 63. Judicial Review of Administrative Adjudication.
(A)Any person aggrieved by a final agency decision may request that the Ho-Chunk Nation Trial Court review such decision by filing a Petition for Administrative Review with the Court within thirty (30) calendar days of such decision, unless otherwise provided.
1, The following laws provide for filing within thirty (30) days:
a. EMPLOYMENT RELATIONS ACT OF 2004
(B) The Petition for Administrative Review shall identify the petitioner making the request by name and address. The Petition for Administrative Review must also contain a concise statement of the basis for the review, i.e., reason or grounds for the appeal, including a request to supplement the evidentiary record pursuant to HCN R. Civ. P. 63(D)(l)(a-b), if applicable. The statement should include the complete procedural history of the proceedings below. The petitioner must attach a copy of the final administrative decision to the Petition for Administrative Review.
(C) The petitioner shall file copies of the Petition, for Administrative Review upon all parties to the action. The petitioner shall promptly file Certificate of Service with the Court.
FINDINGS OF FACT
The Court does not perform a de novo review of administrative agency decisions, and, consequently, generally refrains from making independent factual findings. ERA, § 5.35.e. Unless otherwise clearly indicated, the below findings of fact constitute relevant findings of the administrative agency for purposes of this judgment.
1. The petitioner, Daniel G. Topping, Jr., is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A005122, and maintains a mailing address of P.O. Box 2, Vesper, WI 54489.
2. The respondent, Food & Beverage Supervisor Georgette Martin, was the supervising employee of the petitioner, who subsequently terminated the petitioner.
*114 3. The respondent, Ho-Chunk Nation Food & Beverage, is a division within the Ho-Chunk Nation Department of Business (hereinafter Business Department), located at W9010 Hwy 54 East, Black River Falls, WI 54615. See Dep’t of Bus. Establishment & Org. Act of 2001, 1 HCC § 3.5c. The Business Department is an executive department with principal offices located on trust lands at Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI. See Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. VI, § 1(b). The Ho-Chunk Nation (hereinafter HCN or Nation) is a federally recognized Indian tribe. See 73 Fed.Reg. 18533 (Apr. 4, 2008).
4. The intervenor, GRB, is a statutorily established entity for the purpose of hearing certain employment grievances, and is primarily comprised of randomly selected members who receive training facilitated by the HCN Department of Personnel (hereinafter Personnel Department). ERA, § 5.34a(l-2); see also Janet Funmaker v. Libby Fairchild, in her capacity as Executive Dir. of HCN Dep’t of Pers., et al., 7 Am. Tribal Law 61, 64 (HCN S.Ct.2007) (clarifying that the GRB is “an agency within the Department of Personnel”).
DECISION
The Court grants the intervenor’s motion to dismiss due to the petitioner’s untimely filing of the Petition for Administrative Review. The ERA states that an employee may appeal the decision of the GRB to the Trial Court within thirty (30) days of when the GRB “decision is served by mail.” ERA, 6 HCC § 5.35.C.1. Likewise, the HCN Rules of Civil Procedure state that any person aggrieved by a final agency decision may request review by the Trial Court by filing a Petition for Administrative Review within thirty (30) days of such decision. HCN R. Civ. P., Rule 63(A). The GRB held a meeting on September 20, 2010, in an effort to comply with a Supreme Court directive. Administrative Record at 6. The GRB released a Summary of Discussion of this meeting on September 27, 2010. Id. In this document, the GRB decided not to reopen the petitioner’s case. Id. at 9. Therefore, the Summary of Discussion constitutes a final agency decision as contemplated by the ERA and the HCN Rules of Civil Procedure.
For unknown reasons, the GRB did not mail the Summary of Decision to the parties until October 22, 2010. GRB Mot. to Dismiss Pet. for Administrative Review and Mem. in Supp. of Mot. to Dismiss at 4; Mot. for Recons, and Mot. for Hr’g at 1. Service by mail is effective upon the act of mailing. Diana Wolf v. HCN GRB, 9 Am. Tribal Law 37, 44-45 (HCN Tr.Ct.2010). Thus, the petitioner had thirty (30) days from October 22, 2010, to file the Petition for Administrative Review in the Trial Court. The petitioner did not file the Petition for Administrative Review until November 30, 2010. This filing was therefore untimely. In the absence of a timely filing, the petitioner cannot avail himself of the limited waiver of sovereign immunity incorporated within the ERA. 6 HCC § 5.35.a, c(l); Wolf 9 Am. Tribal Law at 44. Therefore, the intervenor’s motion to dismiss must be granted.[2] The Court makes no ruling as to the merits of the petitioner’s Petition for Administrative Review.
*115 The petitioner argues that the time-frame for filing the Petition for Administrative Review should begin tolling on November 4, 2010. Resp. to GRB Mot. to Dismiss at 1. On November 4, 2010, the GRB Chairman mailed a letter to all parties responding to the petitioner’s Motion, for Reconsideration and Motion for Hearing. Administrative Record; at 21. The letter indicated that he would recommend that the Executive Director of Personnel deny the petitioner’s requests. Id. The petitioner argues that the decision of the GRB did not become a final decision subject to appeal until his motions were decided, and thus, the November 30, 2010 Petition for Administrative Review should be considered timely. Resp. to GRB Mot. to Dismiss at 1-2.
The Court finds the petitioner’s argument flawed as the GRB has no statutory authority to hear motions for reconsideration. The ERA sets out the procedures the GRB must follow throughout the grievance process. 6 HCC § 5.34. Following a GRB decision, employees have a right to file an appeal with the Trial Court, and must do so within thirty (30) days of when that decision is served by mail. ERA, 6 HCC § 5.34.a(3), 35.c(l). Although the GRB has previously allowed motions for reconsideration under an “internal directive,” the ERA makes no mention of motions for reconsideration. Mot. Hrg (LPER at 10, May 17, 2011, 02:21:07 CST). Neither the HCN Legislature, nor a member of the Executive branch with properly delegated authority has ever adopted the “internal directive” as an operating rule. Id. Therefore, all employees seeking review of a GRB decision must abide by the timelines articulated in the ERA and echoed by the Ho-Chunk Nation Rules of Civil Procedure. The petitioner failed to follow these delineated timelines, and thus the case must be dismissed.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.\ specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Jud.gnwnt or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The petitioner included a Certificate of Service indicating that the attorneys for the respondents and the intervenor were served the Petition for Administrative Review. However, the respondents did not become aware of the petition until January 11, 2011. Aff of Heidi A. Drobnick at 1-2.

. The respondents filed an additional Motion to Dismiss based on improper service of the Petition for Administrative Review. However, as the respondents joined in the intervenor's Motion to Dismiss, and the motion is granted, the Court declines to rule separately on the respondents’ motion.