*274 FINAL JUDGMENT
AMANDA L. ROCKMAN, Associate Judge.[1]
INTRODUCTION
The Court must determine whether to uphold the decision of the Ho-Chunk Nation Grievance Review Board (hereinafter GRB). The Court must also determine whether to grant the Department of Personnel’s Motion to Re-Open Briefing, or, Alternatively, to Foreclose Briefi,ng by Any Party or to grant the GRB’s Motion to Dismiss contained within case number CV 08-83. The Court affirms in part the GRB’s decision and reverses in part as well. The Court denies the Department of Personnel’s Motion to Re-Open Briefing, or, Alternatively, to Foreclose Briefing by Any Party in Case No. CV 08-83. Thus, the GRB’s Motion, to Dismiss does not need to be addressed. The analysis of the Court follows below,
PROCEDURAL HISTORY
CV 08-79
The procedural history of this case is extensive. The Court hereby incorporates the procedural history of this case laid out in its September 4, 2009 Order (Remand to the Grievance Review Board). The petitioner, Kenneth Lee Twin, by and through *275 Attorney Mark L. Goodman, initiated CV 08-79 by filing a timely Petition for Administrative Review (hereinafter Petition) with the Court on March 30, 2010. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) 63(A)(1)(a). The Court issued a Scheduling Order on March 31, 2010, setting forth the timelines and procedures to which the parties should adhere during the pendency of the appeal. See Scheduling Order, CV 08-79 (HCN Tr. Ct., Mar. 31, 2010).
Mr. Twin filed a timely Initial Brief on April 29, 2010. Id. The respondents, Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer, by and through Attorney Michael P. Murphy, filed a timely Response Brief on June 1, 2010. Id. The respondent, GRB, by and through Attorney William F. Gardner, also filed a timely Response Brief on June 1, 2010. Id. Mr. Twin filed a timely Reply Brief on June 11, 2010. Id. On June 28, 2010, the Court issued an Order scheduling the Oral Argument Hearing for July 9, 2010, at 9:00 a.m. CDT. See Order (Notice of Oral Argument), CV 08-79 (HCN Tr. Ct., June 28, 2010). At the Oral Argument Hearing, Attorney William F. Gardner appeared on behalf of the respondent GRB. Attorney Michael P. Murphy appeared on behalf of the respondents, Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer. Despite several recesses and attempts to contact him, Attorney Mark L. Goodman did not appear.
CV 08-83
The procedural history of this case closely follows the case above. The Court hereby incorporates the procedural history of this case laid out in its September 4, 2009 Order (Remand to the Grievance Review Board). The petitioners, Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Black-deer, by and through Attorney Michael P. Murphy, initiated CV 08-83 by filing a timely Petition for Administrative Review on April 6, 2010. HCN R. Civ. P. 63(A)(1)(a). The Court issued a Scheduling Order on April 12, 2010, setting forth the timelines and procedures to which the parties should adhere during the pendency of the appeal. See Scheduling Order, CV 08-83 (HCN Tr. Ct., Apr. 12, 2010).
On April 21, 2010, the petitioners filed the Administrative Record with the Court. On May 14, 2010, the petitioners filed a Notice & Motion to Re-open Briefing or, Alternatively, to Foreclose Briefi-ng by Any Party together with an Affidavit of Michael P. Murphy. The respondent, GRB, by and through Attorney William F. Gardner, filed a Motion to Dismiss and Objection to Petitioner’s Motion, to Reopen Briefing or, Alternatively, to Foreclose Briefing by Any Party together with a Brief in Support of Motion to Dismiss on May 19, 2010.
The Court scheduled a Motion, Hearing for July 9, 2010, at 10:30 a.m. CDT. See Notice of Hearing, CV 08-83 (HCN Tr. Ct., June 8, 2010). On July 8, 2010, the Department of Personnel filed Petitioner’s Response to the Motion to Dismiss Filed by Grievance Review Board. The Motion Hearing was held on July 9, 2010, at 10:30 a.m. CDT. Attorney Michael P. Murphy appeared on behalf of the petitioners Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer. Attorney William F. Gardner appeared on behalf of the respondent GRB. Attorney Mark L. Goodman appeared on behalf of the respondent Mr. Kenneth Lee Twin. Mr. Twin was also personally present.
*276 APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article IV—General Council
Sec. 1. Powers of the General Council.
The People of the Ho-Chunk Nation hereby grant all inherent sovereign powers to the General Council. All eligible voters of the Ho-Chunk Nation are entitled to participate in General Council.
Sec. 2. Delegation of Authority.
The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Article V—Legislature
Sec. 2. Powers of the Legislature.
The Legislature shall have the power:
a. to make laws, including codes, ordinances, resolutions, and statutes;
b. to establish Executive Departments, and to delegate legislative powers to the Executive branch to be administered by such Departments, in accordance with the law; any Department established by the Legislature shall be administered by the Executive; the Legislature reserves the power to review any action taken by virtue of such delegated power;
x. to enact any other laws, ordinances, resolutions, and statutes necessary to exercise its legislative powers delegated by the General Council pursuant to Article III including but not limited to the forgoing list of powers.
Article VII—Judieiary
Sec. 4. Powers of the Judiciary.
The judicial power of the Ho-Chunk Nation shall be vested in the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Sec. 7. Powers of the Supreme Court.
c.The Supreme Court shall have the power to establish written rules for the Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
Article XII—Sovereign Immunity
Sec. 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
HO-CHUNK NATION PERSONNEL POLICIES AND PROCEDURES MANUAL (updated Jan. 22, 2004)
Ch. 8. Benefits, Leaves, and Holidays.
Ho-Chunk Nation’s Family Medical Leave: [p. 41]
The Executive Branch of the Ho-Chunk Nation shall administer the Nation’s unpaid leave policy which will afford employees up to 12 weeks of unpaid, job protected leave to “eligible” employees for certain family and medical reasons. Employees are eligible if they have:
• worked for the Nation for at least 12 months, which can included a sum of separate periods of employment; AND
• have worked at least 1,250 hours for the Nation during the 12 months prior to the start of the FML.
*277 All employees, not participat[ing] in Short Term Disability o[r] Workers’] [Compensation programs, must utilize all accumulated sick leave prior to using unpaid leave during Family Medical Leave. FML will run concurrent with Short Term Disability, Workers’] Compensation, and 90-day leave of absence, provided the reason for the absence is due to a qualifying serious illness or injury. An employee’s seniority will not be discounted for the period an employee is on FML. An employee on FML will have their initial, performance, or annual evaluation postponed by the number of day[s] the employee is on FML. An employee who fails to report promptly for work at the expiration of the requested FML, will be considered to have voluntarily resigned. (resolution 10/14/99C)
Ch. 12. Employment Conduct, Discipline, and Administrative Review.

Mattel's Covered by Administrative Review

System [p. 61]
Eligible employees who have complaints, problems, concerns, or disputes with another employee, the nature of which causes a direct adverse effect upon the aggrieved employee, may initiate an administrative review according to established procedures. Such matters must have to do with:
1. specific working conditions.
2. safety
3. unfair treatment
4. disciplinary actions except verbal reprimands
5. compensation
6. involuntary termination
7. job classification
8. reassignment
9. any form of alleged discrimination
10.a claimed violation, misinterpretation, or inequitable application of these policies and procedures

Hearing Levels of Non-gaming

Probationary or Limited Term Employees may not grieve on any matters.
1. Verbal warnings may not be grieved, but employees may add written response to their personnel file.
2. Performance Evaluations and written reprimands are to be grieved in sequence to:
1. Supervisor
2. Executive Director
3. Appropriate Department Administrator
3. Suspensions are grieved in sequence to:
1. Supervisor
2. Executive Director
3. Appropriate Department Administrator
4. Terminations in sequence to:
1. Supervisor
2. Department Head
3. Appropriate Department Administrator
4. Tribal Court
Administrative Review Process for Non- [pp. 61-62] gaming
The burden of proof is on the grievant to show that what he/she is claiming, actually happened. All levels of reprimands shall be forwarded to the Personnel Department promptly. Grievances shall be forwarded to the Personnel Department promptly by the grievant. This proof may include documentation and witnesses,
1. Grieve in writing to the Supervisor and the Personnel Department within five (5) working days of the action. The Supervisor has an affirmative duty to try and resolve the problem. The Supervisor has five (5) days to respond to the grievance. *278 She/He must meet with the person and document the decision,
2. If there is no relief or response within five (5) days after the end of the time period of the first step, grieve in writing, on the required form, to the department director or enterprise manager and the Personnel Department. The manager or director has an affirmative duty to try and resolve the problem, and has ten (10) days to respond. If the grievance cannot be resolved, go to step 3. Manager will talk with involved people and document the decision.
3. Within ten (10) days of decision or notice of decision at level 2, appeal in writing to the appropriate Administrator and Personnel Department. The appropriate Administrator has fifteen (15) days for initial review and response. Administrator will investigate, document & inform Grievant,
4. Within ten (10) days of decision or notice [of] the decision at level 3, appeal in writing to the Personnel Review Commission. The fourth step is the only appeal step. The Personnel Review Commission has forty-five (45) days for review and response.
In determining whether to hear an appeal, the Personnel Review Commission may review the merits of the case including: any pertinent information in the employee file; discussion with appropriate Administrator as to method of investigation conducted at that level; manner of grievance handling at prior steps. After reviewing such matters, the Committee has a right to make a determination without holding a hearing. In such cases where the evidence does not support a hearing by the Personnel Review Commission, the Personnel Review Commission will notify the Appellant of its decision.
Tribal Court Review: [p. 63]
Judicial Review of any appealable claim may proceed to the HoChunk [sic ] Nation Tribal Court after the Administrative Review Process contained in this Chapter has been exhausted. The HoChunk [sic ] Nation Rules of Civil Procedure shall govern any judicial review of an eligible administrative grievance shall [sic] file a civil action with the Trial Court within thirty (30) days of the final administrative grievance review decision.

Limited Waiver of Sovereign Immunity: [p. 64]

The HoChunk [sic] Nation hereby expressly provides a limited waiver of sovereign immunity to the extent that the Court may award monetary damages for actual lost wages and benefits established by the employee in an amount not to exceed $10,000, subject to applicable taxation. Any monetary award granted under this Chapter shall be paid out of the departmental budget from which the employee grieved. In no event shall the Trial Court grant any monetary award compensating an employee for actual damages other than with respect to lost wages and benefits. The Trial Court specifically shall not grant any monetary award against the Nation or its officials, officers, and employees acting within the scope of their authority on the basis of injury to reputation, defamation, or other similar invasion of privacy claim; nor shall the Trial Court grant any punitive or exemplary damages.
The Trial Court may grant equitable relief mandating that the HoChunk [sic ] Nation prospectively follow its own laws, and as necessary to remedy any past violations of tribal law. Other equitable remedies shall include, but not be limited to: an order of the Court to the Personnel Department to reassign or reinstate the employee, a removal of negative references from the personnel file, an award of bridged service credit, and a restoration of seniority. Notwithstanding the remedial powers noted in the Resolution, the Court shall not grant *279 any remedies that are inconsistent with the laws of the HoChunk [sic] Nation, Nothing in this Limited Waiver or within the Personnel Policies and Procedures Manual shall be construed to grant a party any legal remedies other than those included in the section. (RESOLUTION 06/09/98A)
Ch. 14, Definitions fp. 68]
Appropriate Administrator: The person that the department director reports to.
HO-CHUNK NATION EMPLOYMENT RELATIONS ACT OF 2004, 6 HCC § 5
Subsec. 34. Administrative Review Process.
b. Grievance Review Board. There shall be a Grievance Review Board to hear grievances for both non-supervisory and supervisory employees. The Grievance Review Board purpose is to hear employment related law suits as authorized in the ERA, known as grievances, in order to efficiently resolve such actions.
g. Proceedings of the Board. At the commencement of a hearing before the Grievance Board of Review, the Department of Personnel will discuss with the Board their responsibilities and obligations including, but not limited to, the following:
(1) The proceedings are confidential.
(2) The proceedings, except for deliberations, will be tape-recorded.
(3) The Board may ask questions of either party and request additional evidence at any time.
(4) The Board may instruct the parties that it has heard sufficient information to make a recommendation, or that the information being offered is not relevant. Aside from relevancy issues, formal rules of evidence do not apply. The Board has the authority to extend/waive time limitations if it believes that the information offered is relevant and probative of the issues presented as defined below.
(5) The Board shall be responsible to make all relevancy determinations throughout the meeting. In making these determinations, the Board shall consider whether the proposed evidence (either witness testimony or documentary evidence) relates to the disciplinary action and whether it will affect the Board’s recommendation. Only witnesses who have had direct involvement in the incident leading to the disciplinary action will be allowed to participate and all questions asked should directly relate to said disciplinary action.
(6) The Board may ask questions of the Department of Personnel relating to employment policies and procedures.
(7) At the conclusion of the presentation of testimony and evidence, the Board will privately deliberate and make a decision within five (5) business days. No record of the Board’s deliberation will be made. The decision of the Board shall describe the facts of the case and determine whether the facts support a violation of the Employment Relations Act or applicable Unit Operating Rules.
h. Scope of Authority and Limited Waiver of Sovereign Immunity. The decision of the Board shall direct a remedy or remedies consistent with the findings of the Board, enforceable by the Executive Director of Personnel, subject to the following considerations and limitations:
(3) The Board may order monetary damages for actual lost wages established in the facts of the case in an amount not to exceed $10,000.00, subject to applicable taxation.
Subsec. 35. Judicial Review.
a. Waiver of Sovereign Immunity. Pursuant to Article XII of the Constitution of the Ho-Chunk Nation, the Ho-Chunk Nation Legislature expressly waives the *280 sovereign immunity of the Ho-Chunk Nation in the limited manner described herein. This waiver shall be strictly construed.
b. There is no judicial review of employee evaluations or disciplinary actions that do not immediately result in suspension or termination.
c. Judicial review of a grievance involving suspension, termination, discrimination, or harassment may proceed to the Ho-Chunk Nation Trial Court only after the Administrative Review Process has been exhausted through the Grievance Review Board. An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.
d. Relief.
(1) This limited waiver of sovereign immunity allows the Trial Court to award monetary damages for actual wages established by the employee in an amount not to exceed $10,000, subject to applicable taxation.
(2) The Trial Court may grant equitable relief mandating that the Ho-Chunk Nation prospectively follow its own law, and as necessary to directly remedy past violations of the Nation’s laws. Other equitable remedies shall only include:
(a) an order of the Court to the Executive Director of the Department of Personnel to reassign or reinstate the employee;
(b) the removal of negative references from the employee’s personnel file;
(c) the award of bridged service credit; and
(d) the restoration of the employee’s seniority.
(3) Notwithstanding the remedial powers noted above, the Court shall not grant any remedies that are inconsistent with the laws of the Ho-Chunk Nation. Nothing in this limited waiver or within this Act shall be construed to grant a party any legal remedies other than those included in this section.
e.Under this limited waiver of sovereign immunity, the Court shall review the Board’s decision based upon the record before the Board. Parties may request an opportunity to supplement the record in the Trial Court, either with evidence or statements of their position. The Trial Court shall not exercise de novo review of Board decisions. The Trial Court may only set aside or modify a Board decision if it was arbitrary and capricious. DEPARTMENT OF JUSTICE ESTABLISHMENT AND ORGANIZATION ACT OF 2001
4. Functions. The Department of Justice shall:
b. Provide expert legal advice and competent representation for all Branches of the Nation on those matters that concern the Nation’s interests and welfare. HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 57. Entry and Filing of Judgment
All judgments must be signed by the presiding Judge. All signed judgments shall be deemed complete and entered for all purposes after the signed judgment is filed with the Clerk. A copy of the entered judgment shall be mailed to each party within two (2)calendar days of filing. The time for taking an appeal shall begin running from the date the judgment is filed with the Clerk. Interest on a money judgment shall accrue from the date the judgment is filed with the Clerk at a set rate by the Legislature or at five percent(5%) per year if no rate is set.
Rule 63. Judicial Review of Administrative Adjudication,
(A) Any person aggrieved by a final agency decision may request that the Ho- *281 Chunk Nation Trial Court review such decision by filing a Petition for Administrative Review with the Court within thirty (30) calendar days of such decision, unless otherwise provided.
1. The following laws provide for filing within thirty (30) days:
a. Employment Relations Act of 2004
(D) The commission or board, designated as the respondent, must transmit the administrative record to the Court within fifteen (15) days after filing the Petition for Administrative Review. The administrative record shall constitute the sole evi-dentiary record for judicial review of the agency decision, unless the petitioner avails him or herself of the following exception:
1. The petitioner may request an opportunity to supplement the evidentiary record within an Employee Grievance Review Board appeal, provided that the petitioner demonstrates that the Board:
a. excluded relevant evidence as defined by the Federal Rules of Evidence, Rule 401; or
b. failed to consider evidence that could not reasonably have been discovered prior to the Employee Grievance Review Board hearing.
(E) Within thirty (30) calendar days of filing the Petition for Administrative Review, the petitioner shall file a written brief, an Initial Brief, unless the petitioner has sought an evidentiary modification pursuant to HCN R. Civ. P. 63(D)(l)(a-b). The respondent shall have thirty (30) calendar days after filing of the brief within which to file a Response Brief. After filing of respondent’s Response Brief, the petitioner may file the Reply Bri,ef within ten (10) calendar days.
1. If the petitioner alleges one of the conditions stated in HCN R. Civ. P. 63(D)(l)(a-b), then the Court shall convene a hearing to determine whether to include supplemental evidence in the administrative record. The Court shall announce the briefing schedule, which shall resemble the schedule set forth in HCN R. Civ. P. 63(E), in a written decision after the hearing.
(I) The Court shall not set aside or modify any agency decision, unless it finds that the decision was arbitrary and capricious, unsupported by substantial evidence or contrary to law, with the following exception:
1. The Employment Relations Act of 2004 mandates that the Court may only set aside or modify a Board decision if it was arbitrary and capricious.
HO-CHUNK NATION RULES OF APPELLATE PROCEDURE
Rule 7. Right of Appeal
a. All parties have the right to appeal a final judgment or order of the Trial Court. Any party to a civil action, who is aggrieved by a final judgment or order of the Trial Court, may appeal to the Supreme Court.
b. Any party who is aggrieved by a final judgment or order of the Trial Court may appeal in the manner prescribed by this Rule.
(1) Such party shall file with the Clerk of Court a Notice of Appeal from such judgment or order, together with a filing fee as stated in appendix or schedule of fees, within sixty (60) calendar days after the day such judgment or order was rendered.
(2) The party taking the appeal shall be referred to as the Appellant; all other parties shall be referred to as the Appel-lees.
*282 FINDINGS OF FACT
1. The parties received proper notice of the Scheduling Order dated March 31, 2010, for CV 08-79 and dated April 12, 2010, for CV 08-83.
2. Oral arguments for CV 08-79 were held on July 9, 2010. A Motion Hearing for CV 08-83 was also held on July 9, 2010.
3. Mr. Kenneth Lee Twin resides at 8080 12th Ave. South, Apt. 104, Blooming-ton, MN 55425.
4. The Ho-Chunk Nation Department of Administration and Ho-Chunk Nation Personnel Department are located in the Ho-Chunk Nation Executive Building, 405 Airport Road, P.O. Box 667, Black River Falls, WI 54615.
5. The Grievance Review Board is a division of the Ho-Chunk Nation Personnel Department located at W9814 Airport Road, P.O. Box 667, Black River Falls, WI 54615.
DECISION
The Constitution imparts the duty to interpret law to the Judiciary, and the duty to create law to the Legislature. Const., ARTS. V, § 2(a), VII, § 4. The Legislature, however, may delegate its constitutional functions to the Executive Branch or a legislative sub-agency. Id., Art. V, § 2(b, x). The Legislature has performed this delegation in regards to the GRB, and the GRB promulgates legislative rules through formal on-the-record adjudication. ERA, 6 HCC § 5. Therefore, when the Court defers to a GRB interpretation, it is not surrendering its constitutional obligation to interpret the law. Rather, the Court defers to the resulting legislative rule, which, in terms of a simplistic analogy, is comparable to an amendment to a statute’s definitional section. The parties correctly acknowledge the Court’s standards of review of agency action, and the Court will not repeat the analysis here. See Baldwin, CV 01-16, -19, -21 at 13-18, 21-23. Specifically, “[t]he Court shall not set aside or modify any agency decision unless it finds the decision was arbitrary and capricious, unsupported by substantial evidence or contrary to law ...” HCN R. Civ, P. 63(1).
It is an established judicial maxim that legislative acts “will not be construed to have retroactive effect unless their language requires this result.” Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 209, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). See also Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 946, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997); Landgraf v. USI Film Prods., 511 U.S. 244, 262, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); Martin v. Hadix, 527 U.S. 343, 352, 119 S.Ct. 1998, 144 L.Ed.2d 347 (1999). Although this Court is not bound by these decisions, it does find them persuasive. Throughout history, retroactive laws are disfavored and oftentimes oppressive and unjust. See, Kaiser Aluminum & Chemical Corp. v. Bonjomo, 494 U.S. 827, 855, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (SCALIA, J., concurring). Simply put, the parties maintain a reasonable expectation of the applicable law of the respective case, and depriving or altering the parties’ rights is unfair. Therefore, this Court will not apply an act of the Legislature retroactively unless explicitly authorized to do so by the plain language of such act.
Mr. Twin filed a Complaint in the Ho-Chunk Nation Trial Court on April 6, 2004. Twin v. Ho-Chunk Nation et al., SU 04-10 (HCN S.Ct., Mar. 21, 2005). The law governing employee grievances at the time was the Ho-Chunk Nation Personnel Policies and Procedures Manual (hereinafter PPM) as the Employment Relations Act of 2004 (hereinafter ERA) did *283 not become effective until January 31, 2005. See ERA, 6 HCC § 5. The ERA does not contain an explicit statement of legislative intent making the act apply retroactively. Id. It merely supersedes the PPM and other laws, only as much as any new law replaces an old law. Therefore, the Court holds that the proper choice of law for the current matter is the PPM as it existed when this action was originally filed in 2004.
The Ho-Chunk Nation Supreme Court (hereinafter Supreme Court) supports this choice of law in Twin v. Ho-Chunk Nation et al., SU 05-09, 6 Am. Tribal Law 172 (HCN S.Ct., July 3, 2006). Throughout its decision, the Supreme Court analyzes the appeal under the PPM. See, id. at 177, 180, 181-82, 182-83, 183-84. The Supreme Court even holds “... the Trial Court’s failure to examine whether the Appellant received proper notice under the PPM after an employee fails to return to work following the exhaustion of statutorily permitted leave time under the FMLA provisions is error.” Id. at 172. (emphasis added).
Although the Supreme Court supported choosing the law as it existed at the time of filing, it curiously ordered that Mr. Twin receive access to the Administrative Review Process available under the ERA;
Although this case was brought prior to the implementation of the Employment Relations Act, in crafting a means to redress the rights of the Appellant, the processes in place under that Act are the appropriate means for the Appellant to address a grievance and it is so ordered that the decision of the Trial Court is hereby vacated and this matter remanded to allow the Appellant to access the available Administrative Review Process.
Id. at 184. (emphasis added). It is unclear why the Supreme Court felt the need to craft a means to redress the rights of Mr. Twin as the Administrative Review Process under the PPM could have been made available to him.
This Court recognizes that the Supreme Court’s order placed the GRB in a confusing and difficult position. The ERA states the purpose of the GRB “is to hear employment related law suits as authorized, in the ERA known as grievances, in order to efficiently resolve such actions.” ERA, 6 HCC § 5.34b. (emphasis added). The GRB’s hesitation to apply the PPM, a law outside the ERA, was not unfounded. However, the Constitution of the Ho-Chunk Nation (hereinafter Constitution) makes decisions of the Supreme Court final. Const., Art. VII, § 7(c). Although this Court may question the Supreme Court’s decision and rationale, this Court is not in a position to overrule the Supreme Court. Therefore, this Court must defer to the decisions of the Supreme Court to the greatest extent possible.
As the Court will not apply a law retroactively without express intent from the legislature, it will also not interpret a Supreme Court decision to order the retroactive application of a law without express intent from the Supreme Court. The Supreme Court ordered that Mr. Twin have access to the administrative review “processes in place under” the ERA. Tmn, SU 05-09 at 184. The Supreme Court did not order the “substantive law” of the ERA to be applied. It did not even make a blanket statement directing the GRB to “apply the ERA.” The Court finds that the Supreme Court did not intend for the substantive law of the ERA to be applied retroactively. Although the Supreme Court ordered the processes under the ERA to be used, the substantive law of the PPM should still be used to avoid unfairly altering the rights of the parties.
*284 In the most recent GRB Decision, the GRB struggled to reconcile its statutory mandates under the ERA with the decision of the Supreme Court. Decision, Grievance Case No. 266.06T (GRB, Mar. 23, 2010). This Decision referenced the GRB’s previous Decision, in which it granted Mr. Twin an award of $10,000.00 to be consistent with the Supreme Court’s conclusion that Mr. Twin’s due process rights were violated. Id. at 178. The GRB was reluctant to select a specific employment law justifying this award. The GRB Decision sufficiently complied with the substantive law of the PPM. The GRB decided it did not need to select a specific employment law because the $10,000.00 award was given for a due process violation. The GRB held that “[t]he Constitution, the ERA, and the [P] PM are virtually indistinguishable as it relates to due process of law.” Id,, at 6. Therefore, it is sufficient to say that in compliance with the Supreme Court’s decision, the GRB found a due process violation under the PPM and awarded Mr. Twin $10,000.00 accordingly.
The March 23, 2010 GRB Decision, makes no mention of Mr. Twin’s request for $100,000.00 in damages. The Department of Personnel argues “that if any award is granted to [Mr. Twin], it should not exceed the Nation’s limited waiver of sovereign immunity.” Resp. Dept, of Personnel Brief at 9. The current ERA grants the GRB authority to “order monetary damages for actual lost wages established in the facts of the case in an amount not to exceed $10,000.00.” ERA, 6 HCC § 5.34h(3).
To characterize this amount as a limited waiver of sovereign immunity is misleading. Article XII of the Constitution states the Ho-Chunk Nation “shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity ...” Const., Art XII, § 1 (emphasis added). A suit must occur in a court of law. Funmaker v. Fairchild et al., SU 07-05, 7 Am. Tribal Law 61 (HCN S.Ct„ Aug. 31, 2007) at 4. If the GRB were to have the judicial authority to hear suits, “the Legislature would be impermissibly delegating authority it does not have, encroaching upon the Judiciary’s authority.” Id. at 65. Therefore, the ERA’s limit on awards the GRB can give is not properly-labeled a limited waiver of sovereign immunity.
Nonetheless, the Legislature is not without authority to limit the awards for grievances that it made available through the ERA. However, such limits, as well as the statute as a whole, shall not be presumed to apply retroactively without a clear expression of legislative intent. Thus, any limits to the GRB’s award must come from the law at the time of filing, the PPM. The PPM contains no monetary limits. Hon Personnel Polioies and Procedures Manual.
The GRB acted arbitrarily and capriciously by applying the monetary limits contained in the ERA retroactively. However, the PPM limits the damages this Court can award Mr. Twin to $10,000.00.[2] Hcn Personnel Policies and Procedures Manual at 64. This limit placed on the Court is properly termed a “Limited Waiver of Sovereign Immunity” as it pertains to a suit against the Ho-Chunk Nation in a court of law. At this point, the administrative record in this case is sufficiently developed for the Court to render a decision. The Court reverses the GRB’s decision in as much as it applies the ERA retroactively, but it does not have the power to force the GRB to grant Mr. Twin *285 additional money. Therefore, the Court holds that Mr. Twin shall be granted $10,000.00 in damages for lost wages and benefits as the result of due process violations under the PPM as found by the GRB.
Furthermore, the Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer initiated CV 08-83 by filing a timely Petition for Administrative Review on April 6, 2010. HCN R. Civ. P., 63(A)(1)(a). The Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer filed its Notice & Motion to Re-open Briefing or, Alternatively, to Foreclose Briefing by Any Party together with an Affidavit of Michael P. Murphy on May 14, 2010. Nonetheless, the Ho-Chunk Nation Department of Justice (hereinafter DOJ) has the duty to “[p]rovide expert legal advice and competent representation for all Branches of the Nation on those matters that concern the Nation’s interests and welfare.” Department of Justice Establishment and Organization Act Of 2001, 1 HCC § 8.4b. Although, Attorney Murphy filed a correspondence requesting that the Court serve documents upon three (3) separate entities, he noted that the HCN DOJ Attorney General would determine which attorney or entity would represent or continue to represent the Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer. The Court issued the Scheduling Order in this case on April 12, 2010, and served it on Mark Goodman, Jon Greendeer, Bill Gardner, Tracy Thundercloud, and the DOJ. See Scheduling Order, CV 08-83 (HCN Tr. Ct., Apr. 12, 2010). The DOJ filed a timely Administrative Record with the Court on April 21, 2010.
The Court understands that Attorney Murphy was going through a job transition. See Ajf. of Michael Murphy at 1, 2. However, once the Scheduling Order was served upon the DOJ, it was the duty of the DOJ and whichever attorney or entity that they chose to employ to comply with such deadlines. When Attorney Murphy learned on or about April 29, 2010, that the DOJ had filed the Administrative Record, he should have inquired as to any Scheduling Order or deadlines. Id, at 2. Additionally, it was Attorney Murphy who filed the parties’ Petition for Administrative Review on April 6, 2010. Pet. for Admin. Review (Apr. 6, 2010) at 9. The HCN Rules of Civil Procedure require the petitioner to file an Initial Brief within thirty (30) days of filing a Petition for Administrative Review. HCN R. Civ. P. 63(E). Therefore, Attorney Murphy should have known about the deadline even without receiving the Scheduling Order. For these reasons, the Court will not re-open briefing, and denies the Motion to ReOpen Briefing or, Alternatively, to Foreclose Briefing by Any Party.
Nevertheless, the Court notes that the Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer believe that the GRB exceeded its authority by hearing the instant action; the time for litigating this issue has passed. The Court has utilized the principle of res judicata as set forth in David Abangan v. HCN Department of Business to bar causes of action previously heard. David Abangan v. HCN Dep’t of Bus., CV 01-08, 4 Am. Tribal Law 370 (HCN Tr. Ct., Mar. 25, 2003) at 382-83. The facts of the instant case do not necessarily lend themselves to pure res judica-ta, as it is not the entire cause of action which has been decided. It is the closely related concept of collateral estoppel which plays a role in the instant case. Collateral estoppel generally refers to the effect of a prior judgment in preventing, foreclosing, limiting, or precluding relitigation of issues that have been actually litigated in a previous action, regardless of whether it was *286 based on the same cause of action as a second suit. New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). In other words, collateral es-toppel, or issue preclusion, prevents reliti-gation of an issue between the same parties or their privies in any future lawsuit based on a different claim. It operates whether the judgment in the first action is in favor of the plaintiff or the defendant. Schiro v. Farley, 510 U.S. 222, 114 S.Ct. 783,127 L.Ed.2d 47 (1994).
While it may not have been explicitly termed issue preclusion, the Court has utilized this legal principal. In Geraldine Y. Deere v. HCN Pers. Dep’t, the Court explained that “[a] final judgment is conclusive in all subsequent action between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.” CV 96-19 (HCN Tr. Ct., July 9, 1996) at 8. In addition, the DOJ has requested that the Court utilize the principle of res judicata to bar cases in the past. See Lona Decorah v. Ho-Chunk Nation, PRC 93-040 (HCN Tr. Ct., Jan. 2, 1996) (dismissed on other grounds).
There are four specific elements to issue preclusion: (1) the issue is the same as one involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was necessary to the prior judgment; and (4) the party against whom preclusion is invoked was fully represented in the prior action. Wash. Group Int'l Inc. v. Bell, Boyd, & Lloyd LLC, 383 F.3d 633, 636 (7th Cir.2004). In the instant case, the Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Blackdeer argue that the GRB exceeded the scope of its authority and jurisdiction when it decided a claim arising under the PPM. This issue has already been litigated in Kenneth Lee Twin v. Toni McDonald et al., CV 06-77 (HCN Tr. Ct., Dec. 18, 2006). The Court applies the four prong test enumerated by the Seventh Circuit.
First, the issues must be the same as the one involved in the prior action. Wash. Group Int'l, Inc., 383 F.3d at 636. The main issue of CV 06-77 was whether the GRB had authority to hear the instant action. The parties and the issues were, and are, identical. The Supreme Court had issued a decision which allowed Mr. Twin the grievance processes of the ERA. The GRB dismissed the case because it felt that the Court was the appropriate body to hear the case, as the Court would have been the entity to hear it under the PPM. After oral argument, the Court held that by virtue of its decision the Supreme Court had granted authority to the GRB to hear the case. The Department of Personnel is arguing that the GRB lacked authority to hear the instant case. Thus, it is clear that the issue at hand is the same as the issue litigated in CV 06-77.
To satisfy the second prong, the issue must have actually been litigated. CV 06-77 had only one issue, which was whether or not the GRB had the authority to hear the case. Id. at 5. Oral arguments were heard on December 18, 2006 at 10:00 a.m. CST. Order (Notice of Oral Argument), CV 06-77 (HCN Tr. Ct., Nov. 14, 2006). Both sides had their day in court; the issue was actually litigated.
As for the third prong of the test, the determination of the issue needed to be necessary in the prior judgment. As was mentioned earlier, there was only one issue in CV 06-77, which was the authority of the GRB to here the instant case. Thus, it was necessary in the prior judgment that the exact issue at bar be decided.
Lastly, both sides must have been represented in the prior proceeding. It is clear from the case files that in CV 06-77 both sides were represented by the same counsel that they are represented by to *287 day.[3] Therefore it is obvious that both sides were represented in the previous matter.
All four prongs of the test for issue preclusion have been fulfilled. Thus, it is expedient for the Court to invoke the doctrine issue preclusion. The Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Black-deer have had the opportunity make its case for lack of authority before. The Court has already decided that the GRB was given authority to hear the case by the Supreme Court. That decision was not appealed. Therefore, the Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Black-deer should not have another chance to argue this position in the instant case. As the Court has denied the Ho-Chunk Nation Department of Administration, Department of Personnel, and Toni Black-deer’s Motion to Re-Open Briefing and disposed of its appeal, there is no need to address the GRB’s Motion to Dismiss.
BASED UPON THE FOREGOING, the Court affirms and awards Mr. Twin $10,000.00 in damages for lost pay and benefits as a result of due process violations under the PPM. The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.l” HCN R. Civ. P. 61.

. The Court appreciates the assistance of Staff Attorney/Law Clerk Zachary Harold Ather-ton-Ely in the preparation of this opinion.

. This $ 10,000.00 limit on damages the Court can award is present in all versions of the ERA as well. ERA, 6 HCC § 5(35)(d)(i)(a).

. It is not necessary that the parties be represented by the exact same counsel for issue preclusion to apply. It is only necessary that the party against whom preclusion is invoked was fully represented in the prior action. Wash. Group Int'l, Inc. v. Bell, Boyd, & Lloyd LLC, 383 F.3d 633, 636 (7th Cir.2004).